UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID WEBSTER, ANNA SHIN, and ANDREW BERGH, on behalf of themselves and all others similarly situated,<br><br>                      Plaintiffs,<br><br>-against-<br><br>SMITHFIELD ASSOCIATES LLC d/b/a PASTIS RESTAURANT, WINDY GATES, SOHO, INC. d/b/a BALTHAZAR RESTAURANT, and KEITH MCNALLY,<br><br>                      Defendants. | Index No.: 08 CV 0166 (LTS)<br><br>**ANSWER AND AFFIRMATIVE AND OTHER DEFENSES ON BEHALF OF ALL DEFENDANTS** |

Defendants Smithfield Associates LLC d/b/a Pastis Restaurant, Windy Gates, Soho, Inc. d/b/a Balthazar Restaurant, and Keith McNally ("Defendants"), by and through their attorneys Jackson Lewis LLP, for their Answer to the First Amended Complaint (the "Complaint") respectfully allege as follows:

    1.    Defendants lack sufficient knowledge or information to admit or deny the allegations set forth in Paragraph "1" of the Complaint.

### AS AND FOR JURISDICTION AND VENUE

    2.    Paragraph "2" of the Complaint sets forth a legal conclusion only, and therefore no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "2" of the Complaint, except admit that Plaintiffs purport to invoke the jurisdiction of the Court as set forth in this paragraph.

    3.    Paragraph "3" of the Complaint sets forth a legal conclusion only, and therefore no response is required. To the extent a response is required, Defendants deny the

allegations set forth in Paragraph "3" of the Complaint, except admit that Defendants conduct business in the District and their principal offices are in the District.

## AS AND FOR THE PARTIES

4. No response is required to Paragraph "4" of the Complaint.

5. Defendants deny the allegations set forth in Paragraph "5" of the Complaint, except admit that Defendant Smithfield Associates LLC is a New York limited liability company.

6. Defendants deny the allegations set forth in Paragraph "6" of the Complaint, except admit that Defendant Windy Gates, Soho, Inc. is a New York Corporation.

7. To the extent Paragraph "7" of the Complaint sets forth legal conclusions, no response is required. Defendants deny the remaining allegations set forth in Paragraph "7" of the Complaint.

8. Defendants deny the allegations set forth in Paragraph "8" of the Complaint.

9. Defendants deny the allegations set forth in Paragraph "9" of the Complaint, except admit that Plaintiff David Webster was employed as a server at Balthazar Restaurant during the last three (3) years.

10. Defendants deny the allegations set forth in Paragraph "10" of the Complaint, except admit that Plaintiff Anna Shin was employed as a server at Balthazar Restaurant during the last three (3) years.

11. Defendants deny the allegations set forth in Paragraph "11" of the Complaint, except admit that Plaintiff Andrew Bergh was employed as a server at Pastis Restaurant within the last three (3) years.

2

### AS AND FOR FLSA COLLECTIVE ACTION ALLEGATIONS

12. Defendants deny the allegations set forth in Paragraph "12" of the Complaint, except admit that Plaintiffs purport to proceed as set forth in Paragraph "12" of the Complaint.

13. Defendants deny the allegations set forth in Paragraph "13" of the Complaint.

14. Defendants deny the allegations set forth in Paragraph "14" of the Complaint.

### AS AND FOR THE RULE 23 CLASS ALLEGATIONS – NEW YORK

15. Defendants deny the allegations set forth in Paragraph "15" of the Complaint, except admit that Plaintiffs purport to proceed as set forth in Paragraph "15" of the Complaint.

16. Defendants deny the allegations set forth in Paragraph "16" of the Complaint.

17. Defendants deny the allegations set forth in Paragraph "17" of the Complaint.

18. Defendants deny the allegations set forth in Paragraph "18" of the Complaint.

19. Defendants deny the allegations set forth in Paragraph "19" of the Complaint.

20. Defendants deny the allegations set forth in Paragraph "20" of the Complaint.

21. Defendants deny the allegations set forth in Paragraph "21" of the

Complaint.

22. Defendants deny the allegations set forth in Paragraph "22" of the Complaint.

23. Defendants deny the allegations set forth in Paragraph "22a" of the Complaint.

24. Defendants deny the allegations set forth in Paragraph "22b" of the Complaint.

25. Defendants deny the allegations set forth in Paragraph "22c" of the Complaint.

26. Defendants deny the allegations set forth in Paragraph "22d" of the Complaint.

27. Defendants deny the allegations set forth in Paragraph "22e" of the Complaint.

28. Defendants deny the allegations set forth in Paragraph "22f" of the Complaint.

29. Defendants deny the allegations set forth in Paragraph "22g" of the Complaint.

30. Defendants deny the allegations set forth in Paragraph "22h" of the Complaint.

## AS AND FOR THE FACTS

31. Defendants deny the allegations set forth in Paragraph "23" of the Complaint, except aver that written consents for Plaintiffs David Webster, Anna Shin and Andrew Bergh are attached as Exhibit "A" to the Complaint.

32. Defendants deny the allegations set forth in Paragraph "24" of the Complaint.

33. Defendants deny the allegations set forth in Paragraph "25" of the Complaint.

34. Defendants deny the allegations set forth in Paragraph "26" of the Complaint.

35. Defendants deny the allegations set forth in Paragraph "27" of the Complaint.

36. Defendants deny the allegations set forth in Paragraph "28" of the Complaint.

37. Paragraph "29" of the Complaint calls for a legal answer, therefore no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "29" of the Complaint.

38. Paragraph "30" of the Complaint calls for a legal answer, therefore no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "30" of the Complaint.

39. Defendants deny the allegations set forth in Paragraph "31" of the Complaint.

40. Defendants deny the allegations set forth in Paragraph "32" of the Complaint.

41. Defendants deny the allegations set forth in Paragraph "33" of the Complaint.

42. Defendants deny the allegations set forth in Paragraph "34" of the

Complaint.

43. Defendants deny the allegations set forth in Paragraph "35" of the Complaint.

44. Defendants deny the allegations set forth in Paragraph "36" of the Complaint.

45. Defendants deny the allegations set forth in Paragraph "37" of the Complaint.

### AS AND FOR THE FIRST CLAIM FOR RELIEF

46. In response to Paragraph "38" of the Complaint, Defendants repeat and reallege each and every response to Paragraphs "1" through "37" of the Complaint as if set forth fully herein.

47. Defendants deny the allegations set forth in Paragraph "39" of the Complaint, except aver that Defendants have employed Plaintiffs David Webster, Anna Shin and Andrew Bergh.

48. Defendants deny the allegations set forth in Paragraph "40" of the Complaint.

49. Defendants deny the allegations set forth in Paragraph "41" of the Complaint.

### AS AND FOR THE SECOND CLAIM FOR RELIEF

50. In response to Paragraph "42" of the Complaint, Defendants repeat and reallege each and every response to Paragraphs "1" through "41" of the Complaint as if set forth fully herein.

51. Defendants deny the allegations set forth in Paragraph "43" of the

52. Defendants deny the allegations set forth in Paragraph "44" of the Complaint.

53. Defendants deny the allegations set forth in Paragraph "45" of the Complaint.

54. Defendants deny the allegations set forth in Paragraph "46" of the Complaint.

### AS AND FOR THE THIRD CLAIM FOR RELIEF

55. In response to Paragraph "47" of the Complaint, Defendants repeat and reallege each and every response to Paragraphs "1" through "46" of the Complaint as if set forth fully herein.

56. Defendants deny the allegations set forth in Paragraph "48" of the Complaint.

57. Defendants deny the allegations set forth in Paragraph "49" of the Complaint.

58. Defendants deny the allegations set forth in Paragraph "50" of the Complaint.

59. No response is required to Paragraph "51" of the Complaint.

### AS AND FOR THE FOURTH CLAIM FOR RELIEF

60. In response to Paragraph "52" of the Complaint, Defendants repeat and reallege each and every response to Paragraphs "1" through "51" of the Complaint as if set forth fully herein.

61. Paragraph "53" of the Complaint calls for a legal answer, therefore no

response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "53" of the Complaint.

62. Defendants deny the allegations set forth in Paragraph "54" of the Complaint.

63. Defendants deny the allegations set forth in Paragraph "55" of the Complaint.

64. No response is required to Paragraph "56" of the Complaint.

### AS AND FOR THE FIFTH CLAIM FOR RELIEF

65. In response to Paragraph "57" of the Complaint, Defendants repeat and reallege each and every response to Paragraphs "1" through "56" of the Complaint as if set forth fully herein.

66. Defendants deny the allegations set forth in Paragraph "58" of the Complaint.

67. Defendants deny the allegations set forth in Paragraph "59" of the Complaint.

68. No response is required to Paragraph "60" of the Complaint.

### AS AND FOR THE SIXTH CLAIM FOR RELIEF

69. In response to Paragraph "61" of the Complaint, Defendants repeat and reallege each and every response to Paragraphs "1" through "60" of the Complaint as if set forth fully herein.

70. Defendants deny the allegations set forth in Paragraph "62" of the Complaint.

71. Defendants deny the allegations set forth in Paragraph "63" of the

Complaint.

72. No response is required to Paragraph "64" of the Complaint.

### AS AND FOR THE SEVENTH CLAIM FOR RELIEF

73. In response to Paragraph "65" of the Complaint, Defendants repeat and reallege each and every response to Paragraphs "1" through "64" of the Complaint as if set forth fully herein.

74. Defendants deny the allegations set forth in Paragraph "66" of the Complaint.

75. Defendants deny the allegations set forth in Paragraph "67" of the Complaint.

76. Defendants deny the allegations set forth in Paragraph "68" of the Complaint.

77. No response is required to Paragraph "69" of the Complaint.

### AS AND FOR AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have:

### AS AND FOR A FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted, either on their own behalf or on behalf of those persons whom they purport to represent.

### AS AND FOR A SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable limitations period.

### AS AND FOR A THIRD DEFENSE

This case may not be maintained as a collective action because the named Plaintiffs are not similarly-situated to or otherwise adequate representatives for the persons whom they purport to represent.

### AS AND FOR A FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the de minimus doctrine.

### AS AND FOR A FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches, estoppels, waiver and/or other equitable defenses.

### AS AND FOR A SIXTH DEFENSE

At all times relevant hereto, Defendants acted in good faith, with reasonable grounds for believing that Plaintiffs were exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA"), and did not violate any rights which may be secured to Plaintiffs or to employees who are similarly situated under the FLSA or under law, rule or regulation and, inter alia, are not liable for liquidated damages.

### AS AND FOR A SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands based upon Plaintiffs' violations of Defendants' timekeeping and recordkeeping policies,

including falsification of time records.

## AS AND FOR AN EIGHTH DEFENSE

Plaintiffs lack standing to be and are not adequate representatives of the putative collective action and, as such, the Court should not authorize notice to be issued or a collective action to be maintained under the FLSA.

## AS AND FOR A NINTH DEFENSE

The Complaint is barred, in whole or in part, pursuant, inter alia, to the Portal-to-Portal Act and the FLSA.

## AS AND FOR A TENTH DEFENSE

This case is not appropriate for collective action because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiffs and to the purported collective action members.

## AS AND FOR AN ELEVENTH DEFENSE

Plaintiffs cannot establish or maintain a collective action because it cannot be demonstrated that a collective action is superior to other methods available for adjudicating any controversy.

## AS AND FOR A TWELVTH DEFENSE

Plaintiffs are not entitled to equitable relief insofar as they have an adequate remedy at law.

## AS AND FOR A THIRTEENTH DEFENSE

Plaintiffs' claims for damages are barred or limited by Defendants' good faith efforts to comply with applicable law.

## AS AND FOR A FOURTEENTH DEFENSE

Payments to Plaintiffs were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor.

## AS AND FOR A FIFTEENTH DEFENSE

Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA.

## AS AND FOR A SIXTEENTH DEFENSE

To the extent any members of the putative classes have signed a release and/or waiver encompassing claims alleged in the Complaint or a contractual waiver or agreement contrary to their claims herein, their claims are barred by that release, waiver or agreement.

## AS AND FOR A SEVENTEENTH DEFENSE

In addition to the foregoing defenses, Defendants retain the right to amend their Answer to raise additional affirmative and other defenses or pursue any available counterclaims against Plaintiffs or any putative class member who joins this action as those claims become known during this litigation.

**WHEREFORE,** Defendants pray that the Court enter a judgment:

1. dismissing the Complaint with prejudice;
2. granting Defendants their costs, including attorney's fees, incurred in this action; and
3. granting such other and further relief as the Court may deem just and proper

Dated: New York, New York
       May 13, 2008

Respectfully submitted,

JACKSON LEWIS LLP
59 Maiden Lane, 39th Floor
New York, New York 10038-4502
(212) 545-4000

By: _____
Felice B. Ekelman (FE 5692)
Liane Chinwalla (LC 5708)

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2008, a true and correct copy of Defendants' Answer and Affirmative and Other Defenses was served on Plaintiffs by placing said document in a properly addressed postage-prepaid envelope and causing it to be mailed to Plaintiffs' counsel of record, D. Maimon Kirschenbaum, Esq., at Joseph & Herzfeld LLP, 757 Third Avenue, 25th Floor, New York, New York 10017.

_____
Liane Chinwalla, Esq.