**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

DAVID WEBSTER, ANNA SHIN, and ANDREW
BERGH, on behalf of themselves and all others
similarly situated,

Plaintiffs,

-against-

SMITHFIELD ASSOCIATES LLC d/b/a PASTIS
RESTAURANT, WINDY GATES, SOHO, INC.
d/b/a BALTHAZAR RESTAURANT, and KEITH
MCNALLY,

Defendants.

Index No.:  08 CV 0166 (LTS)

**PRELIMINARY PRE-TRIAL
STATEMENT**

---

Pursuant to the Court's Initial Conference Order dated January 24, 2008 and Fed.
R. Civ. P. 26(f), plaintiffs David Webster, Anna Shin, and Andrew Bergh (the "Named
Plaintiffs") and the putative class, by and through their attorneys, Joseph & Herzfeld LLC, and
Defendants Smithfield Associates LLC d/b/a Pastis Restaurant ("Pastis"), Windy Gates, Soho,
Inc. d/b/a Balthazar Restaurant ("Balthazar"), and Keith McNally (collectively the
"Defendants"), by and through their attorneys, Jackson Lewis LLP, state the following:

**4(a)    A concise statement of the nature of this action.**

The Named Plaintiffs brought this suit on behalf of themselves and other
unknown similarly situated individuals against the defendant restaurants, Windy Gates Soho, Inc.
("Balthazar") and Smithfield Associates ("Pastis") (together the "Restaurants"), and Keith
McNally. Named Plaintiffs are former employees of the Restaurants who allege violations of the
Fair Labor Standards Act ("FLSA") and the New York Labor Law (the "Labor Law"). To date,
approximately sixteen (16) individuals, who are also current and former employees of the
Restaurants, have filed consents to join the action (the "Consent Plaintiffs"). The Named
Plaintiffs and Consent Plaintiffs (together "Plaintiffs") allege that the Restaurants have
maintained an inappropriate tip pool, have made deductions from waiters' wages when guests
walk out without paying their check, and do not pay overtime when employees work more than
40 hours in a work week. Defendants deny these allegations.

**4(b)    A concise statement of each party's position as to the basis of this Court's jurisdiction of the action, with citations to all statutes relied upon and relevant facts as to citizenship and jurisdictional amount.**

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because certain of Plaintiffs' claims are brought under the FLSA, 29 U.S.C. § 201 *et. seq.* First Amended Complaint ¶ 2. Plaintiffs assert Article III supplemental jurisdiction over their claims brought pursuant to the Labor Law. Id. Such jurisdiction, if it exists, arises under 28 U.S.C. § 1367 based on the relatedness of Plaintiffs' Labor Law claims to their FLSA claims.

This Court has personal jurisdiction over Defendants Balthazar and Pastis as corporations conducting business in the State of New York. This Court has jurisdiction over Mr. McNally as a resident of New York state duly served therein.

**4(c)    A concise statement of all material uncontested or admitted facts**

The Parties agree upon the following facts:

(1)    The Named Plaintiffs worked for the Restaurants as follows:

    a.    David Webster worked for Balthazar as a waiter from approximately October 2004 to January 2007 (less leave time). He resigned in January 2007.

    b.    Anna Shin worked for Pastis as a waiter and service captain from approximately March 2002 to June 2004 (less leave time). She resigned from Pastis in August 2004. She worked for Balthazar as a part-time waiter from approximately August 2004 to August 2007 (less leave time). She resigned from Balthazar in August 2007.

    c.    Andrew Bergh worked for Pastis as a waiter from approximately March 2002 to June 2007 (less leave time). He also worked for Pastis as a service captain from approximately November 2005 to December 2005 (less leave time). He resigned in June 2007.

(2)    The Parties agree that at the Restaurants, all of the waiters pool their tips and divide the pooled tips among the following classifications of staff: Waiter, Busser, Service Captain, Maitre d (excluding maitre d's who are designated as managers), Bar Staff, and Runner.

**4(d)    A concise statement of all uncontested legal issues.**

The Parties agree upon the following legal issues:

(1)    The FLSA and the Labor Law provide for a minimum hourly wage to be paid to all workers.

(2)    The FLSA and Labor Law entitle employers in the restaurant industry to take a "tip credit" against the minimum wage owed to service employees, such as waiters, and reduce the hourly wage paid by restaurant employers to such employees provided certain conditions are met. 29 U.S.C. § 203(m); 12 NYCRR § 137-1.4.

(3)    The common restaurant practices of "tip pooling" and "tip sharing" are permissible under the FLSA and Labor Law, subject to certain conditions. 29 U.S.C. § 203(m)(2); NY CLS Labor § 196-d; Ayres v. 127 Restaurant Corp., 12 F. Supp. 2d 305 (S.D.N.Y. 1998); Hartnett v. Wade-Mark Eleven, Inc., 156 A.D.2d 559 (N.Y. App. Div. 2d Dep't 1989).

(4)    A restaurant, its owners and its management, and non-service employees are not entitled to share in any portion of the service employees' tips under either the FLSA or the Labor Law. Id.

**4(e)    A concise statement of all legal issues to be decided by the Court.**

The following legal issues are to be decided by the Court:

(1)    Whether the inclusion of service captains in the tip pool at Balthazar and Pastis violated either Labor Law § 196-d or 29 U.S.C. § 203(m) because the service captains were:

- management and not "employees who customarily and regularly receive tips" (under the FLSA); and

- "agents" of the employer (under the Labor Law).

(2)    Whether including in the tip pool at Balthazar employees who are designated as stockers violates either 29 U.S.C. § 203(m) or Labor Law § 196-d because stockers are:

- not "employees who customarily and regularly receive tips" (under the FLSA); and

- not "busboys or similar employees" (under the Labor Law).

(3)    In the event the inclusion of the service captains and stockers violates the statutes, whether a damage award invalidating the tip credit (under the FLSA and New York

3

Labor Law) and disgorging the captains and stockers' tips (under the Labor Law) constitutes a double recovery and/or a windfall to Plaintiffs.

(4)    Whether there was a tip share arrangement between the waiters and laundress at Balthazar and Pastis, and if so, whether the practice violates either Labor Law § 196-d or 29 U.S.C. § 203(m)."

**4(f)    Each party's concise statement of material disputed facts.**

The Parties submit that the following material facts are in dispute between the parties:

(1)    Responsibilities of Captains and Maitre D's: the parties are in dispute concerning the responsibilities of captains and maitre d's.

(2)    Whether the Napkin Folders Participate in the Tip Pool: Plaintiffs allege the napkin folder(s) (also referred to as "laundresses") participate in the tip pool. Defendants dispute this allegation.

(3)    Whether all tipped employees engage in service: Plaintiffs allege that employees assigned the task of stocker do not engage in service. Defendants submit that all employees who participate in the tip pool are involved in serving the Restaurants' customers.

(4)    Whether the Restaurants Deduct Monies from Employees' Wages for Customer Walk Outs: Plaintiffs allege that waiters are required to reimburse the Restaurants when guests leave without paying their check. Defendants deny this allegation.

(5)    Whether the Plaintiffs Are Paid Overtime Compensation When They Work Over 40 Hours in a Work Week: Plaintiffs allege that they are not paid proper overtime compensation when they work more than forty (40) hours in a work week. Defendants deny this allegation.

**4(g)    A concise statement by each plaintiff and each counterclaimant of the legal basis of each cause of action asserted, including citations to all statutes, Federal Rules of Civil Procedure, other rules and case law intended to be relied upon by such plaintiff or counterclaimant.**

Plaintiffs' First Claim for Relief is for Defendants' failure to pay them the federal minimum wage as required by the FLSA. Plaintiffs maintain that Defendants are not entitled to any "tip credit" under the FLSA, 29 U.S.C. § 203(m), because defendants allow managerial and other non-service employees to partake in the tip-pool. *Ayres v. 127 Restaurant Corp.*, 12 F.Supp.2d 305, 308 (S.D.N.Y. 1998).

4

Plaintiffs' Second Claim for Relief alleges that Defendants failed to pay Plaintiffs for overtime worked one and one half times the actual minimum wage, because Defendants mistakenly applied a tip-credit to Plaintiffs' wages.

Plaintiffs' Third and Fourth Claims for Relief essentially mirror the First and Second, except that they are premised on the New York minimum wage, New York Labor Law § 650 *et seq;* 12 N.Y. Comp. Codes R. & Regs § 137-1.3.

Plaintiffs' Fifth Claim for Relief alleges that Defendants illegally retained portions of Plaintiffs' tips and redistributed them to managerial and non-tipped employees. N.Y. Lab. Law § 196-d; *Chan v. Triple 8 Palace,* No. 03Civ.6048 (GEL), 2006 WL 851749 (S.D.N.Y. Feb 01, 2007); *Ayres v. 127 Restaurant Corp.,* 12 F.Supp.2d 305 (S.D.N.Y. 1998); *Myers v. Copper Cellar Corp.,* 192 F.3d 546 (6th Cir. 1999).

Plaintiffs' Sixth Claim for Relief alleges that Defendants illegally deducted money from Plaintiffs' pay to cover for walk-outs and/or lost vouchers. N.Y. Lab. Law § 193.

Plaintiffs' Seventh Claim for Relief alleges that Defendants failed to compensate Plaintiffs hour's pay at the basic New York minimum hourly wage rate on days the Plaintiffs worked in excess of 10 hours. N.Y. Comp. Code R. & Regs. Tit. 12, § 137-1.7

**4(h)    Each party's concise statement of the legal basis of each defense asserted or expected to be asserted by such party, including citations to all statutes, Rules, and other applicable regulatory and judicial authority intended to be relied on by such party.**

(i)    **Plaintiffs:**    N/A.

(ii)    **Defendants:**

Under the FLSA, tip pooling arrangements have long been recognized as lawful. The DOL's Field Operations Handbook provides guidelines relating to tip pooling arrangements in restaurants. The Handbook specifically states: "The requirement that an employee must retain all tips does not preclude tip-splitting or pooling arrangements among employees who customarily and regularly receive tips." The Handbook further states: "However, it does not appear that the Congress, even in requiring as a general principle that tipped employees retain all their tips, intended to prevent tipped employees from deciding, free from any coercion whatever and outside of any formalized arrangement or as a condition of employment, what to do with their tips, including sharing them with whichever co-workers they please."

Section 196-d of the New York State Labor Law states:

Gratuities. No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the

gratuities received by an employee, or retain any part of a
gratuity....

The New York State Department of Labor ("NYSDOL") interprets this provision of the statute to permit tip pooling so long as the arrangement is voluntary, and so long as the restaurant does not retain any part of the gratuity.  See e.g., Opinion Letter issued by the NYSDOL dated October 3, 2005.

Defendants will rely on a body of state and federal case law and administrative rulings and opinions letters demonstrating that the service captains were neither the employer nor the employer's agent under federal and state law.  See e.g. Ayres, 12 F. Supp 2d at 308; Morgan v. Speak Easy, LLC, 2007 U.S. Dist. LEXIS 69589 at *49 (N.D. Ill. Sept. 20, 2007).

**4(i)  A concise statement of the measure of proof and on whom the burden of proof falls as to each cause of action or defense.**

  a.    Plaintiffs' burden as to violations of the wage laws.

  b.    Plaintiffs' burden as to willfulness under the FLSA.

  c.    Defendants' burden as to good faith under the FLSA.

  d.    Plaintiffs take the position that Defendants have the burden as to the appropriateness of participants in the tip pools.  Defendants disagree and maintain that it is Plaintiffs' burden to establish violations of the wage laws.

**4(j)  Whether and to what extent amendment to pleadings and/or the addition or substitution of parties will be required, and proposed deadlines therefor.**

The parties propose September 2008 as a deadline to amend the pleadings.

**4(k)  A statement as to whether all parties consent to transfer of the case to a magistrate judge for all purposes, including trial (without identifying which parties have or have not so consented).**

The parties do not consent to transfer the case to a magistrate judge for all purposes, including trial.

**4(l)**   **What, if any, changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a), including a statement as to when any disclosures required under Fed. R. Civ. P. 26(a)(1) were made or will be made..**

Defendants propose that discovery in this matter be bi-furcated such that disclosures relating to the legal issue of liability be completed and summary judgments motions filed, prior to exchanging discovery with respect to damages, if any.   Plaintiffs oppose this request, as the overlap between discovery pertaining to liability and discovery pertaining to damages is significant.

The parties do not anticipate that there will be any changes to the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a).   The parties will exchange disclosures under Fed. R. Civ. P. 26(a)(1) on or before July 18, 2008.

**4(m)**   **The subjects on which disclosure may be needed and a proposed discovery cut-off date.**

Defendants anticipate that disclosure as to liability will include the following:

(1)   The duties of the service captains and maitre d's.

(2)   The duties of bussers engaged to serve as stockers for all or part of a shift.

(3)   The tip share arrangement with the laundress.

(4)   Defendants' policies in the event of a guest walkout.

Defendants propose that discovery relating to liability extend through November 30, 2008.

**4(n)**   **Whether and to what extent expert evidence will be required, and proposed deadlines for expert discovery.**

The parties have not yet determined whether and the extent to which expert evidence will be required.   The parties will inform the Court about expert evidence as soon as they become aware of the need and extent to which such evidence is necessary.

The parties propose December 19, 2008 as the deadline for expert discovery.

**4(o)    What, if any, changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of court, and what other limitations should be imposed.**

At this time, the parties do not anticipate that any limitations should be imposed on discovery under the Federal Rules of Civil Procedure or the Local Rules of this Court. Nor do the parties submit that any other limitations are necessary.

**4(p)    The status of settlement discussions and the prospects for settlement of the action in whole or in part, provided that the Preliminary Pre-Trial Statement shall not disclose to the Court specific settlement offers or demands.**

The parties participated in mediation on April 30, 2008, conducted at the offices of JAMS by Michael D. Young, Esq. The mediation and subsequent settlement discussions have occurred without resulting in resolution of this action.

**4(q)    A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days expected to be needed for presentation of that party's case.**

(i)    Plaintiffs

Plaintiffs consent to a bench trial and anticipate that presentation of their case will take approximately one (1) to two (2) weeks.

(ii)    Defendants:

Defendants consent to a bench trial and anticipate that presentation of their case will take approximately one (1) to two (2) weeks.

**4(r)    Any other orders that should be entered by the Court under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).**

The parties anticipate motion practice under the Fair Labor Standards Act 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23(b).

Respectfully submitted,

JOSEPH & HERZFELD LLP
    757 Third Avenue, 25th Floor
    New York, New York 10017
    (212) 688-5640

By: _____
    D. Maimon Kirschenbaum (DK-2338)

ATTORNEYS FOR PLAINTIFFS

Dated: June _12_, 2008

JACKSON LEWIS LLP
    59 Maiden Lane, 39th Floor
    New York, New York 10038-4502
    (212) 545-4000

By: _____
    Felice B. Ekelman (FE 5692)
    Liane Chinwalla (LC 5708)

ATTORNEYS FOR DEFENDANTS

Dated: June 12, 2008