IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

DAVID WEBSTER, ANNA SHIN, and ANDREW )
BERGH, on behalf of themselves and all others )
similarly situated, )
                                             )
                         Plaintiffs, )          Index No.:  08 CV 0166
                                             )          (LTS)
           -against- )
                                             )
SMITHFIELD ASSOCIATES LLC d/b/a PASTIS )
RESAURANT, WINDY GATES, SOHO, INC. d/b/a )
BALTHAZAR RESTAURANT, and KEITH )
MCNALLY, )
                                             )
                         Defendants. )
                                             )
---------------------------------------------------------------

## **MOTION IN SUPPORT OF STIPULATION OF SETTLEMENT AND DISMISSAL OF CLASS AND COLLECTIVE ACTION**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION …………… ……………………………………………1

II.     BACKGROUND ……………………………………………………………2

    A.  The Litigation……………………………………………………............2

    B.  The Parties Have Fully Explored the Strengths and Weakness of Their
Respective Positions…………………………………………………………...6

III.    THE PROPOSED SETTLEMENT……... ... ………………………………7

    A.  Settlement Class……………………………………………………………...7

    B.  Settlement Consideration……………………………………………………8

    C.  Release of Claims……………………………………………………………9

IV.     PRELIMINARY SETTLEMENT
APPROVAL......……………………………………………………………9

    A.  The Role of the Court…………………………………………………………...9

    B.  The Proposed Settlement Class May be Certified…………………………..10

        1.  Plaintiffs Have Met All Of The Prerequisites Under Rule 23(a)…….11

            a.  Numerosity is Satisfied………………………………………11
            b.  Commonality is Satisfied……………………………………12
            c.  Typicality is Satisfied………………………………………...12
            d.  Adequate Representation is Satisfied………………………...13

        2.  The Court Should Certify The Settlement Class Under
Rule 23(b)(3)……………………………………………………13

        3.   The Court Should Appoint Plaintiffs' Counsel As Class Counsel….14

    C.  Criteria To Be Considered In Deciding Preliminary Approval……………...15

        1.  There Are No Grounds to Doubt The Fairness Of The Settlement,
Which Is The Product of Extensive, Arm's Length
Negotiations……………………………………………………………17

2.   The Settlement Contains No Obvious Deficiencies…………..18

3.  The Settlement Falls Within The Range Of Possible Approval…………………………………………………………..19

V.      THE PROPOSED PLAN OF CLASS NOTICE………..……...…..20

VII.    CONCLUSION …………………………………………….......23

Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and Section 216(b) of the Fair Labor Standards Act ("FLSA"), Plaintiffs David Webster, Anna Shin, and Andrew Bergh ("Class Representatives") apply to this Court for preliminary approval of a proposed settlement in this wage and hour class and collective action ("Wage Action").  Counsel to Smithfield Associates, LLC d/b/a Pastis Restaurant, Windy Gates, Soho, Inc. d/b/a Balthazar Restaurant, and Keith McNally ("Defendants") have agreed to the terms of the settlement and do not object to relief requested herein.

## I. <u>INTRODUCTION</u>

Class Representatives submit this motion requesting preliminary approval of a proposed settlement in this Wage Action brought on behalf of certain employees of Defendants.  The settlement will resolve all claims before this Court.  The proposed compromise is set forth in a Joint Stipulation of Settlement and Release, dated September 3, 2008 ("Agreement"), attached as Exhibit A.

The Class Representatives ask this Court to enter the proposed Order ("Order"): (1) finding that the proposed settlement class meets the requirements for class certification under Rule 23; (2) approving the Class Notice and Consent to Join Forms (Exhibit B) that will be sent to the proposed settlement class; (3) setting a deadline within 20 days after the Order is preliminarily approved that the Class Notice and Consent to Join Forms be sent to the proposed Settlement Class members by mail to the employees' addresses as they are maintained by the Defendants; (4) setting a deadline within 45 days of mailing of Class Notice and Consent to Join Forms for opting out of, or excluding oneself from, the state claim class action pursuant to Rule 23; (5) setting a deadline of 45 days after mailing of Class Notice and Consent to Join Forms for objecting to the settlement; (6) setting a deadline within 45 days of mailing of Class Notice and

Consent to Join forms for opting in to the FLSA collective action pursuant to Rule 216(b); (7) appointing the Class Representatives as class representatives for the purposes of prosecuting the state law claims on behalf of the proposed state class; (8) appointing Class Counsel as counsel for the proposed class; and, (9) scheduling a hearing at the Court's convenience at which the Court will consider the Parties' motion for (i) final approval of the settlement, (ii) entry of their proposed final judgment, and (iii) approval of Class Counsel's application for an award of attorneys' fees and reimbursement of costs.

## II. **BACKGROUND**

### A. **The Litigation**

The Class Representatives filed this Wage Action on January 9, 2008, alleging wage and hour violations under the FLSA and New York's Labor Laws. A copy of the Complaint is attached hereto as Exhibit C. The case was assigned for all purposes to Judge Laura T. Swain. The Class Representatives' proposed class consisted of: "all non exempt persons employed by Defendants at any New York location in any tipped position, such as a server, runner, and/or busboy on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period")."

The Wage Action alleges that the Defendants violated the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.,* New York Labor Law §§ 191,193, 196-d,198-b, 650, *et. seq,* 652, and 663 and relevant sections of N.Y. Comp. Codes R. & Regs. Plaintiffs contended that Defendants paid them and the Class members an hourly wage equal to New York's food service worker minimum wage, 12 N.Y. Comp. Codes R. & Regs §137-1.5,[1] which is significantly lower

---

[1] In 2001-2004, the foodservice worker minimum wage was $3.30 per hour, 2005- $3.85 per hour, 2006- $4.35 per hour, and 2007- $4.60 per hour.

than the federal and state minimum wages.[2]  They contended Defendants were not entitled to the

state and/or federal "tip-credits," because Defendants routinely retained portions of their tips by

allowing managerial and other non-tipped employees to share in their tip-pool. *See 29 U.S.C.*

*§203(m)* (tip-credit does not apply where employers retain portions of employees' tips).  In

addition, outside of a valid tip-pool, New York law prohibits an employer or an employer's

agent from retaining any portion of an employee's tips, regardless of whether the employer

avails itself of any tip-credits. *N.Y. Lab. Law § 196-d.  See Ayres v. 127 Restaurant  Corp*., 12

F.Supp.2d 305, 308 (S.D.N.Y. 1998) (quoting 29 U.S.C. § 203(m)[3]) (finding that because

Defendant's manager "was not an employee 'who customarily and regularly received tips,'" he

could not be part of the tip-pool); *Chu Chung v. New Silver Palace Rest*., 246 F. Supp. 2d 220,

229 (S.D.N.Y. 2002)  (invalidating a tip-pool in which management took part).   Class

Representatives further contended that Defendants failed to pay New York State's spread of

hours premium, which requires an employer to pay employees a premium equal to the New

York minimum wage for days during which employees work in excess of ten hours. 12 N.Y.

Comp. Codes R. & Regs §137-3.11.

      The Class Representatives contended that Defendants were liable to the Settlement Class

Members for an amount equal to the difference between their actual wages (the foodservice

workers' minimum wage) and the minimum wage as applied without any tip-credits, plus the

amount of tip money illegally retained by the Restaurant. *See Chan v. Sung Yue Tung Corp.,*

2007 WL 313483, **27-28 (S.D.N.Y. Feb 01, 2007) (where Defendants allowed managers to

---

[2] From 2001-2005, the New York minimum wage was $5.15 per hour, in 2005, it became $6.00 per hour, 2006- $6.85 per hours, and 2007- $7.15 per hour.  12 N.Y. Comp. Codes R. & Regs §137-1.2.  During most of the relevant period, the federal minimum wage was $5.15.  29 U.S.C. § 206.

[3] 29 U.S.C. § 203(m) requires that "all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips."

share in tip-pool, awarding both the illegally retained tips and the tip-credit differential). Additionally, the Plaintiffs sought payment of the unpaid portion of minimum and overtime wages, liquidated damages, penalties, interest, attorneys' fees, costs, and equitable relief to be provided to the entire proposed class.

After Defendants appeared in the Wage Action, the Parties met and conferred over both the legal issues and the factual bases underlying the Class Representatives' claims. Defendants provided Class Counsel with extensive volumes of workplace and statistical analysis information in an extended confidential settlement process. Class Counsel analyzed the factual and statistical information and continued to discuss the legal and factual issues in this case with Defendants' Counsel.

The Parties agreed to hold a voluntary mediation ("Mediation") before Michael Young of JAMS (the "Mediator"), an experienced wage and hour mediator, in an attempt to resolve the issues pending before the Court in this Wage Action. The Mediation was held on April 30, 2008, at the offices of JAMS. Present at the Mediation were the Class Representatives, several Settlement Class members, Defendants, Defendants' Counsel and Class Counsel.

Prior to the Mediation, and throughout the course of the Wage Action, Class Counsel and Defendants' Counsel vigorously investigated the claims against Defendants. As part of the investigation, Defendants produced the personnel files of randomly chosen putative Settlement Class members, wage and payroll records, including but not limited to, ADP reports, daily and weekly payroll worksheets, tip-sheets, employment applications, and written disciplinary documents. In addition, Defendants' Counsel interviewed corporate representatives who had knowledge of the facts and provided this information to Class Counsel. The Parties agreed that

these abundant documents were relevant to the claims asserted by the Class Representatives and that the production of these documents facilitated meaningful and productive settlement discussions, including the Mediation. Class Counsel has reviewed and analyzed all of the wage and tip records provided and other information produced by Defendants relating to the putative class.

In addition, prior to the Mediation, the Parties each submitted a confidential Position Statement to the Mediator. The Settlement Class Members' Position Statement contained the Settlement Class members' legal and factual arguments supporting their position that Defendants violated the FLSA and New York's Labor Laws. The Settlement Class members' Position Statement also included spreadsheets containing their calculations of damages in this Wage Action. Similarly, the Defendants' Position Statement contained their legal and factual arguments in support of their defense to the claims asserted by the putative Settlement Class members in this Wage Action. The factual bases of the Parties' Position Statements were based upon, in part, the documents produced by Defendants prior to the Mediation. The Parties' full-day mediation failed.

Following the mediation, the parties began full discovery, and Plaintiffs served on Defendants formal document requests. Plaintiffs also informed Defendants that it was their intent to, in the near future, file a motion for conditional certification pursuant to 29 U.S.C. § 216(b). Pursuant to this Court's individual practices, Plaintiffs sent a letter to Defendants outlining their factual and legal positions as to why Plaintiffs believed that this matter was appropriate for conditional certification. While aggressively pursuing this litigation, the Parties continued to discuss a possible resolution. On July 3, 2008, Plaintiffs' counsel conferred telephonically with Defendants' Counsel, and the Parties reached the proposed Settlement,.

5

B.    **The Parties Have Fully Explored the Strengths and Weakness of Their Respective Positions**

During the pendency of the Litigation, Class Counsel and Defendants' Counsel vigorously investigated the claims against Defendants.  As part of the investigation, Defendants voluntarily produced sample weeks of tip wage records for the restaurants throughout the claim period.  The wage records included the full personnel files of all plaintiffs and opt-in plaintiffs, sample tip reports for the entire restaurants, and other wage records.  In addition, Defendants' Counsel met with corporate representatives who had knowledge of the facts and provided information to Class Counsel.  The Parties agreed that the production of these records concerned the claims asserted on behalf of the putative class and that the wage records helped facilitate meaningful settlement discussions.  Class Counsel analyzed all of the records provided and other information produced by Defendants relating to the putative class.

At all times throughout the Wage Action, Defendants continued to deny any liability or wrongdoing of any kind associated with the claims alleged in the Wage Action.  Defendants further contended, among other things, that they complied with the FLSA and all state wage and hour laws.  Specifically, Defendants maintained that their tip-pools were voluntary and that all members of their tip-pools were service employees who are allowed to share in tipped employees' tips.  *See Kilgore v. Outback Steakhouse*, 160 F.3d 294 (6th Cir. Tenn. 1998) (allowing hosts to share in servers' tips because the hosts provide direct customer service). The Class Representatives, however, believe they have filed a meritorious action based on alleged violations of the FLSA and state wage and hour laws.

After countless hours of negotiation, the Parties' counsel entered into the attached Agreement settling the Wage Action, provided, of course, that the Court grants approval of the Agreement.  The settlement amount is, of course, a compromise figure.  It took into account

6

what the parties contended were risks regarding proof of wages owed, and other defenses asserted by Defendants. The settlement amount accounts for the possibility a settlement reached months or even years later might be reduced due to Defendants' litigation costs. Furthermore, the Class Representatives and Class Counsel also considered the time, delay, and financial repercussions in the event of liability trials, numerous damages trials, and appeal by Defendants. Of particular relevance to the reasonableness of the proposed settlement is the fact that Defendants will vigorously contest Plaintiffs' claims if the Litigation does not settle. Although the Class Representatives and Class Counsel believe that their claims have merit, they recognize that they would face legal, factual and procedural obstacles to recovery. In light of the strengths and weaknesses of the case, the Class Representatives and Class Counsel believe that the settlement easily falls within the range of reasonableness because it achieves a significant benefit for the Settlement Collective Action Members where failure before or at trial is possible.

## III.    **THE PROPOSED SETTLEMENT**

### A.    Settlement Class

The proposed settlement has been reached on behalf of the [proposed] "Class," defined in the Agreement as follows:

> Plaintiffs and all servers, bussers, runners, bartenders and bar-backs employed by Balthazar or Pastis Restaurant during the relevant Claims Periods set forth below:
>
> a.    Under applicable state laws, excluding those current or former employees who opt-out of or exclude themselves from this Agreement, from January 8, 2002 through the date that is forty-five (45) calendar days after the date that Class Notice is mailed to the Settlement Class ("State Claim Period").
>
> b.    Under the FLSA, excluding those current or former employees who do not opt-in to the FLSA class, from June 30, 2005 to the date that is forty-five (45) calendar days after the date that Class Notice is mailed to the Settlement Class ("FLSA Claim Period").

7

### B.    Settlement Consideration

The Agreement provides that Defendants shall pay a total Gross Fund Value ("GFV") of One Million Four Hundred and Eighty Five Thousand ($1,485,000.00), which includes attorneys' fees, costs, expenses, and Defendants taxes and withholding payments.  Based on Class Counsel's assessment  of the evidence produced by Defendants, this settlement fund represents approximately 60% of the Settlement Class' "best possible day," assuming, *inter alia*: (1) the Rule 23 class was certified; (2) the collective action remained certified; and (3) Class Representatives' claim of improper retention of tips was meritorious.

Class Members will receive an award without having to file a proof of claim or a claim form.  While Class Members employed within three years of the date of Preliminary Approval will be eligible for a small enhancement by submitting a Blue Consent to Join Form, *all* Class Members will received their base award regardless.  Class Counsel shall be paid, subject to Court approval, a contingent fee equal to 33.33% of the remaining GFV, or Four Hundred and Ninety Five Thousand Dollars ($495,000.00).   This percentage is in accordance with the Professional Services Agreement entered into between the Class Representatives, all opt-in plaintiffs to date and Class Counsel.  The Agreement also provides individual enhancement awards, which shall also be paid out of the GFV, subject to Court approval, to five plaintiffs (including to Class Representatives) totaling Thirty Two Thousand Five Hundred Dollars ($32,500.00).  The remaining amount (the "NFV") shall be distributed among Class Members that do not opt-out of the litigation ("Settlement Class Members") on a pro-rata basis determined by how many hours each Qualifying Class Member worked for Defendants during the Class Period.  Defendants will withhold relevant taxes from these payments.

The individual settlement amount shall be calculated in the following steps:  Settlement Class Members shall receive one point for every hour worked as a server, ¾ point for every hour worked as a busser or runner, and ½ point for every hour worked as a barback or bartender.  Further, each Settlement Class Member who submits a valid Blue Consent to Join the FLSA Claim Form within forty-five (45) days after Class Counsel mails the Settlement Class Members forms will have their points during the FLSA Claim Period increased by five percent (5%), and each Settlement Class Member shall receive a pro rata share of the NFV equal to the Settlement Class Member's Total Points divided by the aggregate Total Points of all Settlement Class Members who file qualified claims, multiplied by the NFV.

The differences between the multipliers are based on each position's participation level in Defendants' tip-pools.  For example, runners and bussers typically received fewer tips than waiters.  The point enhancement for those employees submitting a valid Blue Consent to Join Form is consistent with the increased damages available for FLSA claims.  *See* 29 U.S.C. § 216(b) (permitting a recovery for liquidated damages).

### C.    Release of Claims

In return for the above consideration, Settlement Class Members will release all "Released Claims" (as defined in the Settlement Agreement) against each and all of the Defendants and all related entities.  In general, Settlement Class Members will release all wage and hour claims under state and federal law.  Settlement Class Members will retain claims unrelated to their wage and hour claims.

## IV.    PRELIMINARY SETTLEMENT APPROVAL

### A.    The Role of the Court

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval for any

9

compromise of claims brought on a class basis. Approval of a proposed settlement is a matter within the broad discretion of the district court. *See e.g. In re American Bank Note Holographics, Inc.,* 127 F.Supp.2d 418, at 429 (S.D.N.Y. 2001) ("Approval of the Settlement is within the Court's broad discretion."); *In re Michael Milken & Assoc. Sec. Litig.,* 150 F.R.D. 46, 53 (S.D.N.Y. 1997) (the trial court has discretion to approve a class action settlement and should be concerned with whether the settlement, taken as a whole, is adequate, fair and reasonable) (internal citations omitted); *In re Nasdaq Market-Makers Antitrust Litigation,* 176 F.R.D. 99, 102 (S.D.N.Y. 1997) ("Where the proposed settlement appears to be the product of serious, informed, non-conclusive negotiations, has not obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval is granted.").

"If the court preliminarily approves the settlement, it must direct the preparation of notice of the certification of the settlement class, the proposed settlement and the date of the final fairness hearing." *In re Initial Pub. Offering,* 226 F.R.D 186, 191 (S.D.N.Y. 2005). Class members may then present arguments and evidence for and against the terms of the settlement before the Court decides whether the settlement is fair, reasonable and adequate.. *Id.* (internal citations omitted).

In addition, because the FLSA's provisions are mandatory, employees' claims for back wages may not be compromised absent either supervision by the Secretary of Labor or approval by the Court. *See* 29 U.S.C. § 216(c).

### B.    The Proposed Settlement Class May be Certified

Prior to granting preliminary approval of a settlement, district courts determine whether the proposed settlement class is a proper class for settlement purposes. *See e.g.,*

10

*Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 620 (1997) (Courts examine whether the proposed class would be adequately represented and fairly treated by a class action settlement).

The Court may certify a class where plaintiffs demonstrate that the proposed class and proposed class representatives meet the prerequisites in Rule 23(a) - numerosity, commonality, typicality and adequacy of representation - and one of the three requirements of Rule 23(b). Fed. R. Civ. P. 23; *In re Visa Check/Mastermoney Antitrust Litig.,* 280 F.3d 124, 132-33 (2d Cir 2001). To establish a class under Rule 23(b)(3), it must be shown that "questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

In certifying a settlement class, the Court is not required to determine whether the action, if tried, would present intractable management problems. *Amchem,* 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial") (internal citations omitted). Rather, the Court has great discretion in determining whether to certify a class. *See In re American Bank Note Holographics, lnc.,* 127 F.Supp.2d at 429 ("All aspects of settlement approval ...rest in the sound discretion of the district court.").

### 1. Plaintiffs Have Met All Of The Prerequisites Under Rule 23(a)

Plaintiffs have satisfied the numerosity, commonality, typicality and adequacy of representation requirements under Rule 23(a).

### a. Numerosity is Satisfied

The Parties estimate that the Class includes hundreds of members. Thus, the Class is so

11

numerous that joinder of all Class members is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park,* 47 F.3d 473, 483 (2d Cir. 1995) (holding that numerosity can be presumed at a level of 40 members).

### b.    Commonality is Satisfied

There are several questions of law and fact common to the Settlement Class. Among these questions are: (i) whether Defendants employed Plaintiffs and the Class within the meaning of New York State and federal law; (ii) whether Defendants maintained accurate records reflecting the time worked by the Settlement Class Members; (iii) whether the policies, programs, procedures, protocols of the Defendants violated the Settlement Class' right to collect overtime for all hours worked over forty hours per workweek; (iv) whether Defendants paid the Settlement Class the "spread of hours" premium; (v) whether Defendants or their agents retained portions of the Settlement Class' tips; and (vi) whether Defendants improperly deducted certain expenses from the Settlement Class Members' wages.

The Class Representatives and Settlement Class Members assert that each restaurant in which Settlement Class Members worked applied common practices and procedures, therefore, the commonality requirement is easily satisfied. *See Daniels v. City of New York,* 198 F.R.D. 409, 417 (S.D.N.Y. 2001) ("[t]he commonality requirement will be met if the named Plaintiffs share a common question of law or fact with the grievances of the prospective class.").

### c.    Typicality is Satisfied

Similarly, the typicality requirement is satisfied here because Plaintiffs' claims arise from the same "course of events" – namely whether Defendants payroll practices complied with federal and state wage laws - as those of absent class members and rely on "similar legal arguments" to prove Defendants' liability. *See Robinson v. Metro North Commuter R.R.,* 267

F.3d 147, 155 (2d Cir. 2001).

### d.    Adequate Representation is Satisfied

Finally, Class Representatives are adequate representatives of the proposed class and have fairly and adequately represented and protected the interests of all Settlement Class Members in achieving this settlement.  The Class Representatives have no known conflicts[4] with any Settlement Class Members, and retained Class Counsel who are qualified and experienced in class action and employment litigation.

Moreover, the Settlement Class Members are represented by one of the premiere wage and hour litigation firms in the nation.  Class Counsel conducted a thorough pre-filing and continuing investigation, vigorously prosecuted the lawsuit, and negotiated a settlement that provides prompt and valuable relief to Class Members.  *See Baffa v. Donaldson, Lufkin & Jenrette Securities Corp.,* 222 F.3d 52, 60 (2d Cir. 2000) (class counsel will be deemed adequate if it has no conflicts to any class member and if they are "qualified, experienced and able to conduct the litigation.").

### 2.    The Court Should Certify The Settlement Class Under Rule 23(b)(3)

Certification is appropriate because, as set forth above, the predominance and superiority requirements of Rule 23(b)(3) are satisfied.  Specifically, the questions of law and fact common to all Settlement Class Members are described above. These common questions predominate over any individual issues such as the nature and extent of damages. *See In re Visa Check/Mastermoney Antitrust Litig.,* 280 F.3d at 139 ("Common issues may predominate when liability can be determined on a class-wide basis, even when there are some individualized

---

[4] Defendants have argued earlier in the litigation that Ms. Shin is conflicted as a result of her having at some point been a captain, who should not have received tips under the allegations in this lawsuit.  Plaintiffs maintain that she is not conflicted, as they seek to recover damages on her behalf only for the time period during which she was not a captain and was properly in the tip-pool.

damage issues.").

Additionally, a class action is superior to other available methods for the fair and efficient adjudication of the controversy because joinder of all Settlement Class Members is impossible. Moreover, as the damages suffered by individual members of the Settlement Class are relatively small as compared to the expense and burden of individual litigation, it would be exceedingly difficult for all Settlement Class Members to individually redress the harm done to them. *Ansoumana v. Gristede's Operating Corp.,* 201 F.R.D. 81, at 89 (S.D.N.Y. 2001) ("[t]he interest of the class as a whole to litigate the predominant common questions substantially outweighs any interest by individual members to bring and prosecute separate actions.").

In sum, the Settlement Class is suitable for certification, and the Court should certify the Settlement Class pursuant to Rule 23(b)(3), for purposes of granting preliminary approval to the settlement.

### 3.        The Court Should Appoint Plaintiffs' Counsel As Class Counsel

Under Rule 23, "a court that certifies a class must appoint class counsel ... [who] must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(A), (B). In making this determination, the Court must consider counsel's: (1) work in identifying or investigating potential claims; (2) experience in handling class actions or other complex litigation and the types of claims asserted in the case; (3) knowledge of the applicable law; and (4) resources committed to representing the class. Fed. R. Civ. P. 23(g)(1)(C).

D. Maimon Kirschenbaum and Charles Joseph of Joseph & Herzfeld LLP have served and currently serve as lead counsel on many local and national class and collective actions under the FLSA and state wage and hour laws. Specifically, Mr. Kirschenbaum has extensive experience serving as lead counsel in a number of local class and collective actions representing

aggrieved employees in the restaurant industry. *See, e.g*., *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007) (granting conditional certification on behalf of all hourly employees employed at defendants' six New York City restaurants). Collectively, Class Counsel has recovered significant monetary awards for thousands of New York City restaurant employees.  Class Counsel spent significant time investigating the Class' claims, and committed themselves to the expenditure of significant resources that were necessary to achieve a favorable result for the Class.  Therefore, the Court should appoint the undersigned to serve as Class Counsel for the Settlement Class pursuant to Rule 23(g).

### C.      Criteria To Be Considered In Deciding Preliminary Approval

After certifying the Settlement Class, the Court determines whether to preliminarily approve the settlement by making "a preliminary determination of the fairness, reasonableness, and adequacy of the settlement terms." *Manual for Complex Litigation, Fourth,* § 21.633. The primary question raised by a request for preliminary approval is whether the proposed settlement is "within the range of reasonableness." *Id.* § 40.42.

"In considering preliminary approval, courts make a preliminary evaluation of the fairness of the settlement, prior to notice." *Nasdaq Market-Makers Antitrust Litigation,* 176 F.R.D. at 102.  The purpose of the preliminary approval inquiry is "to determine whether the proposed settlement is within the range of possible approval." *In re Prudential Sec. lnc.* 163 F.R.D. 200, 209 (S.D.N.Y. 1995) (the role of the court is to determine whether the proposed basis for settlement is adequate, reasonable and fair and justifies providing notice of the settlement to the proposed class).

It is the fairness hearing that affords class members "an opportunity to present their views of the proposed settlement." *In re Initial Public Offering,* 226 F.R.D. at 191.

15

Accordingly, a district court reserves its ultimate determination of whether a proposed settlement is fair, reasonable, and adequate for the final approval stage, after notice of the settlement has been given to the class members and they have had an opportunity to voice their views of the settlement or to exclude themselves from the settlement. *In re Prudential,* 163 F.R.D. at 210 (noting that the court can better evaluate the fairness of the settlement "at the fairness hearing, where it can consider the submissions by proponents and potential opponents of the settlement and the reaction of the Class Members.").

"It is well established that there is an overriding public interest in settling and quieting litigation, and this is particularly true in class actions." *In re Prudential,* 163 F.R.D. at 209; *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.,* 396 F.3d 96, 117 (2d Cir. 2005) ("The compromise of complex litigation is encouraged by the courts and favored by public policy."); *In re Luxottica Group S.P.A. Sec. Litig.,* 233 F.R.D. 306, 310 (E.D.N.Y. 2006) ("Class action suits readily lend themselves to compromise because of the difficulties of proof, the uncertainties of the outcome, and the typical length of the litigation."). "[S]ince the very purpose of a compromise is to avoid the trial of sharply disputed issues and to dispense with wasteful litigation, the court must not turn the settlement hearing into a trial or a rehearsal of the trial; and that the court is concerned with the likelihood of success or failure and ought, therefore, to avoid any actual determination on the merits." *Saylor v. Lindley,* 456 F.2d 896, 904 (2d Cir. 1972) (internal citations omitted). Moreover, the opinion of experienced counsel supporting the settlement is entitled to considerable weight. *See e.g., In re Global Crossing Securities and ERISA Litigation,* 225 F.R.D. 436, 461 (S.D.N.Y. 2004) ("In addition to this presumption of fairness, great weight is accorded to the recommendations of counsel, who are most closely acquainted with the facts of the underlying litigation.") (internal citations omitted); *In re American Bank Note Holographics,*

16

*lnc.,* 127 F.Supp.2d at 430 ("As with other aspects of settlement, the opinion of experienced and informed counsel is entitled to considerable weight.").

Here, experienced counsel, after substantial adversarial litigation and negotiation, and after a lengthy mediation before an experience wage and hour mediator, have concluded that the proposed settlement - which includes, among other things, substantial monetary benefits to the class members - is in the best interest of the Class as a whole. As explained above, each Qualifying Class Member will receive a significant prorated sum per hour that he or she worked for Defendants. The settlement merits preliminary approval and submission to the Settlement Class for its consideration.

### 1.    There Are No Grounds to Doubt The Fairness Of The Settlement, Which Is The Product of Extensive, Arm's Length Negotiations

The criteria for evaluating a request for preliminary approval have been summarized as follows:

> If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys, and appears to fall within the range of possible approval, the court should direct that notice under Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement.

*In re Prudential,* 163 F.R.D. at 209 (quotation omitted). Under this criteria, the Court should grant preliminary approval of the proposed settlement and order the dissemination of notice.

Moreover, where a settlement is the by product of a mediation, there is a presumption of fairness and arms-length negotiations. *In re AOL Time Warner, Inc.*, 2006 WL 903236, at *7 (S.D.N.Y. 2006) (there is a presumption of fairness when the parties submit to mediation and conclude that settlement is the most efficient outcome of the litigation for their clients).

The first consideration in the preliminary-approval analysis is whether "the settlement is

17

the result of serious, informed and non-collusive negotiations." *In re Medical X-Ray Film Antitrust Litig.,* 1997 U.S. Dist. LEXIS 21936, at *19 (E.D.N.Y. Dec. 10, 1997). In applying this factor, courts give substantial weight to the experience of the attorneys who prosecute the case and negotiated the settlement at arms-length. *In re Initial Public Offering Sec. Litig,;* 243 F.R.D. 79, at 83 (S.D.N.Y. 2007) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal citations omitted).

The proposed settlement here is the product of extensive negotiations conducted through in-person and telephonic sessions, and as discussed above, a mediation before an experienced Mediator. Based on their familiarity with the factual and legal issues, and with the assistance of the Mediator, the Parties were able to negotiate a fair settlement, taking into account the costs and risks of continued litigation. The negotiations were at all times hard-fought and, at all times, at arm's length, and have produced a result that the Class Representatives and Class Counsel believe to be in the best interests of the Class.

<h4 style="text-align:center">2.      <u>The Settlement Contains No Obvious Deficiencies</u></h4>

The proposed settlement has no obvious deficiencies. The settlement provides only modest enhancement awards for certain Plaintiffs in this lawsuit that were instrumental in facilitating a resolution of this matter in a *total* amount not to exceed $32,500. These awards are reasonable in light of the overall benefit conferred on the Settlement Class. *See, e.g., Sheppard v. Consolidated Edison Co. of New York, Inc.,* No. 94-CV-0403, 2002 WL 2003206, at *6-7 (E.D.N.Y. Aug. 1, 2002) (approving aggregate incentive payment of $119,167 for six named plaintiffs in a race discrimination class action).

Finally, the settlement does not mandate excessive compensation for Class Counsel. Class Counsel will apply for an award of attorneys' fees and reimbursement of expenses, equal to 33 1/3% of the GFV.  This percentage is "within the range of reasonable attorney fees awarded in the Second Circuit."  *See Klein ex rel. Ira v. PDG Remediation, Inc.*, 1999 WL 38179 (S.D.N.Y. 1999); *See also, Strougo ex rel. Brazilian Equity Fund, Inc.,* 258 F.Supp.2d 254, 262 (33 1/3% of settlement fund approved for attorneys' fees); *In re Blech Sec. Litig.,* No. 94 Civ. 7696, 2002 WL 31720381, at *1 (S.D.N.Y. Dec. 4, 2002) (33 1/3% of settlement fund approved for attorneys' fees, plus costs); *Adair v. Bristol Technology Sys.*, No. 97 Civ. 5874, 1999 WL 1037878, at *4 (S.D.N.Y.  Nov. 16, 1999) (33% of settlement fund approved for attorneys' fees, plus costs); *Cohen v. Apache Corp.,* No. 89 Civ. 0076, 1993 WL 126560, at *1 (S.D.N.Y. Apr. 21, 1993) (33 1 /3% of settlement fund approved for attorneys' fees); *In re Gulf Oil/Cities Service Tender Offer Litigation*, 142 F.R.D. 588, 596-597 (S.D.N.Y. 1992) (30% of settlement fund approved for attorneys' fees); *In re Avon Prods. In., Sec. Litig.,* No. 89 Civ. 6216, 1992 WL 349768, at *3 (S.D.N.Y. Nov. 6, 1992) ("The request for 30% is in line with numerous awards in this Court and elsewhere in recent litigation."); and *In re Crazy Eddie,* 824 F. Supp. 320, 326 (E.D.N.Y. 1993) (33.8% of settlement fund approved for attorney's fees, plus costs).

### 3.     The Settlement Falls Within The Range Of Possible Approval

As explained above, the proposed Settlement was reached only after protracted arms' length negotiations and ultimately a mediation between the Parties and their counsel who considered the advantages and disadvantages of continued litigation.  Class Counsel believes that this settlement achieves all of the objectives of the litigation, namely a monetary settlement to the employees of Defendants' who were subjected to alleged illegal retention of tips and

gratuities and other allegedly illegal practices.  Class Counsel, with a great deal of experience in the prosecution and resolution of class actions and collective action litigation, have carefully evaluated the merits of this case and the proposed settlement. Even if the matter were to proceed to trial, Class Counsel acknowledges that the apparent strength of Plaintiffs' claims is no guarantee against a complete or partial defense verdict. Furthermore, even if a judgment were obtained against Defendants at trial, the relief might be no greater, and indeed might be less, than that provided by the proposed Settlement.

In light of the above considerations, the proposed settlement as a whole falls within the range of possible final approval. The Court should therefore grant preliminary approval of the settlement and direct that notice of it be given to the Settlement Class.

## V.        THE PROPOSED PLAN OF CLASS NOTICE

"For any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P.23(c)(2)(B); *see also Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 175-76 (1974)  ("each class member who can be identified through reasonable effort must be notified that he may request exclusion from the action and thereby preserve his opportunity to press his claim separately or that he may remain in the class and perhaps participate in the management of the action.").

Rule 23(e)(B) similarly states, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise."  Fed. R. Civ. P. 23(e)(B). "The standard for the adequacy of a settlement notice in a class action under either the Due Process Clause or the Federal Rules is measured by reasonableness."  *Wal-Mart Stores,* 396 F.3d at 113 (internal citations omitted). "There are no

20

rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements; the settlement notice must 'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings.'" *Id.* at 114 (internal citations omitted). Notice is "adequate if it may be understood by the average class member." 4 Alba Conte & Herbert Newberg, Newberg on Class Actions § 11:53, at 167 (4th ed. 2002).

Here, Class Counsel shall mail the Class Notice Forms to all Settlement Class Members at their last known addresses as maintained by Defendants. Class Counsel shall mail these Notices via first class mail. For each Class Notice returned to Class Counsel as undeliverable, Class Counsel will attempt a skip trace using the computer databases available on Westlaw and the information provided by Defendants. Those individuals who are located using the skip trace will be sent an additional copy of the Class Notice.

The proposed methods of notice comport with Rule 23 and the requirements of due process. As for the content of the notice, Rule 23(c)(2)(B) says:

The notice [to a rule 23(b)(3) class] must concisely and clearly state in plain, easily understood language:

- the nature of the action,

- the definition of the class certified,

- the class claims, issues, or defenses,

- that a class member may enter an appearance through counsel if the member so desires,

- that the Court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and

- the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).  Where notice is being sent in connection with a proposed settlement, "the settlement notice must 'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings.'"  *Wal-Mart,* 396 F.3d at 114 (internal citations omitted).

The proposed Class Notice comports with the above-cited legal authorities in all respects. To that end, the proposed Class Notice: (1) describes the nature, history, and status of the litigation; (2) sets forth a clear definition of the proposed Settlement Class; (3) states the class claims and issues; (4) clearly provides that Settlement Class Members may enter an appearance through their own counsel; (5) discloses the right of the people who fall within the definition of the Settlement Class to exclude themselves from the Settlement, and specifies the deadline and procedure for doing so; (6) warns of the binding effects of the settlement approval proceedings on those persons who remain in the Settlement Class; and (7) advises the Class Members of how their recovery will be calculated.  In addition, the Class Notice clearly describes the terms of settlement, and the relief available to Settlement Class Members.

The proposed Class Notice also provides clear notice that the Parties have agreed upon compensation for Class Counsel, in the form of attorneys' fees or reimbursable litigation expenses, and advises Settlement Class Members of the Parties' agreement that the award of attorneys' fees and reimbursable expenses to Class Counsel will affect the benefits available to Settlement Class Members.

Finally, the Class Notice also provides contact information for Class Counsel, summarizes the reasons the parties are proposing the settlement, discloses the date, time and place of the formal Fairness Hearing, and describes the procedures for objecting on the settlement and appearing at the Fairness Hearing.

The Class Notice contents satisfies all applicable requirements. Therefore, in granting preliminary settlement approval, the Court should also approve the parties' proposed form and method of giving notice to the Settlement Class.

**VI.    <u>CONCLUSION</u>**

For the foregoing reasons, Plaintiffs respectfully ask that the Court grant preliminary approval of the proposed settlement and enter the proposed Preliminary Order in connection with Settlement Proceedings, submitted herewith.

Date:   New York, New York
      September 3, 2008

<u>/s/D. Maimon Kirschenbaum</u>

D. Maimon Kirschenbaum (DK-2338)
Charles E. Joseph (CJ-9442)
JOSEPH & HERZFELD LLP
757 Third Avenue, 25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Settlement Class*

23

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

DAVID WEBSTER, ANNA SHIN, and ANDREW
BERGH, on behalf of themselves and all others
similarly situated,

                    Plaintiffs,

-against-

SMITHFIELD ASSOCIATES LLC d/b/a PASTIS
RESAURANT, WINDY GATES, SOHO, INC. d/b/a
BALTHAZAR RESTAURANT, and KEITH
MCNALLY,

                    Defendants.

Index No.: 08 CV 0166 (LTS)

JOINT STIPULATION OF
SETTLEMENT AND RELEASE

------------------------------------------------------------------

## INTRODUCTION

1.      This Joint Stipulation of Settlement and Release ("Agreement") is entered into by and between plaintiffs David Webster, Anna Shin and Andrew Bergh ("Plaintiffs"), individually and on behalf of classes of those similarly situated, on the one hand, and defendants Smithfield Associates LLC d/b/a Pastis Restaurant, Windy Gates, Soho, Inc. d/b/a Balthazar Restaurant, and Keith McNally ("Defendants"), on the other hand, by and through their respective counsel of record. This Agreement supersedes any and all prior memoranda of understanding or proposals an accurately sets forth the parties' settlement to resolve all class, collective and individual claims for alleged violations of the federal Fair Labor Standards Act (29 U.S./C. §§ 201 *et seq.*)("FLSA"), the New York Minimum Wage Act (N.Y> Lab. L. § 650 *et seq.*), New York Spread of Hours Provisions *(N.Y. Lab L. § 650 *et seq.* and N.Y. Comp. Code R. & Regs. Tit. 12, § 137.1.7), New York Timely Payment of Wages Provisions (N.Y. Lab L. §§ 190 *et seq.*) and Illegal Pay deductions and Deductions from Gratuities Provisions *(N.Y. Lab. L. §§ 196-d and 198-b), as detailed below.

## DEFINITIONS

2.      Plaintiffs and Defendants are collectively referred to as "Parties."

3.      "Class Counsel," subject to Court approval, is:

JOSEPH & HERZFELD LLP
D. Maimon Kirschenbaum (DK-2338)
Charles E. Joseph (CJ-9442)

- 1 -

757 Third Avenue, 25th Fl
New York, New York 10017
Telephone:     (212) 688-5640
Facsimile:     (212) 688-2548

4.     "Defendants' Counsel" is:

JACKSON LEWIS LLP
Felice B. Ekelman (FE-5692)
59 Maiden Lane
New York, New York 10038
Telephone:     (212) 545 4000
Facsimile:     (212) 972 3213

5.     The "Settlement Class," subject to court approval, consists of Plaintiffs and all servers, bussers, runners, bartenders and bar-backs employed by Balthazar or Pastis Restaurant during the relevant Claims Periods set forth below:

a.     Under applicable state laws, excluding those current or former employees who opt-out of or exclude themselves from this Agreement, from January 8, 2002 through the date that is forty-five (45) calendar days after the date that Class Notice is mailed to the Settlement Class. ("State Claim Period").

b.     Under the FLSA, excluding those current or former employees who do not opt-in to the FLSA class, from June 30, 2005 to the date that is forty-five (45) calendar days after the date that Class Notice is mailed to the Settlement Class. ("FLSA Claim Period").

An individual who falls within the state subclass and does not opt-out or exclude him/herself is a Settlement Class member for purposes of this Agreement and the release provisions of this Agreement apply even if he or she does not opt-in to the FLSA class.

6.     The "Class Representatives," subject to Court approval, are David Webster, Anna Shin and Andrew Bergh, who have been designated class representatives for the Settlement Class, and is each a member of the Settlement Class.

7.     The "Effective Date" is the date on which this Agreement becomes effective which shall be fifteen days following entry of final order by the Court approving this Agreement or fifteen days after the appeal period runs and any appeals are resolved.

8.     The "Wage Action" is a civil action pending gin the United States District Court for the Southern District of New York, Case No. 08-cv-00166 (LTS), captioned *David Webster, Anna Shin and Andrew Bergh, individually and on behalf of all other similarly situated v. Smithfield Associates LLC d/b/a Pastis Restaurant, Windy Gates, Soho, Inc. d/b/a Balthazar Restaurant, and Keith McNally.*

## LITIGATION BACKGROUND

9.      Plaintiffs filed the Wage Action on January 8, 2008, alleging wage and hour violations under the FLSA and New York Law. On May 13, 2008 Defendants answered the Complaint. The case was assigned for all purposes to Judge Laura Taylor Swain. Plaintiffs' proposed class consisted of: "all non exempt persons employed by Defendants at any New York location in any tipped position, such [sic] server, runner, and/or busser on or after the date that is six years before the filing of the Complaint in this case." The Wage Action seeks recovery of unpaid wages, overtime wages, liquidated damages, penalties, interest, attorneys' fees, costs and equitable relief. The Complaint sets forth claims for, *inter alia*:

   a.      Unpaid overtime for all hours worked over 40 hours per week;

   b.      Failure to pay minimum wage for all hours worked;

   c.      Failure to pay New York State's "spread of hours" premium;

   d.      Wrongfully deducting certain costs from employee wages in violation of N.Y. Labor Law § 193; and

   e.      Illegally withholding portions of Class Members' tips in violation of N.Y. Labor Law § 196-d.

10.      During the pendency of the Wage Action, Class Counsel and Defendants' Counsel vigorously investigated the claims against Defendants. As part of the investigation, Defendants voluntarily produced wage records of certain class members. The wage records included, but were not limited to, hourly rate information, employment position, attendance records, dates of hire and discharge, payroll and other wage records. In addition, Defendants' counsel interviewed corporate representatives who had knowledge of the facts and provided information to Class Counsel.

11.      Certain claims, demands and differences exist between the Parties, including, *inter alia*, Plaintiffs' contention that Defendants failed to pay appropriate overtime wages, failed to pay the "spread of hours" premium, improperly retained portions of tips given to the Settlement Class, and made improper deductions from employee wages.

12.      Defendants deny any liability or wrongdoing of any kind associated with the claims alleged in the Wage Action. Defendants further contend, among other things, that they complied with the FLSA and all state wage and hour laws. Defendants deny that they failed to pay the Settlement Class according to state or federal law, deny that they violated the tip credit provision provided by federal or state laws, and further deny that they improperly retained portions of tips given to employees. Plaintiffs believe they have filed a meritorious action based on alleged violations of the FLSA and state wage and hour laws.

13.      After the Defendants appeared in the Wage Action, and after the Parties exchanged an extensive amount of information concerning the Wage Action, the Parties met and conferred over both the legal issues and the factual bases underlying Plaintiffs' claims. Counsel for the Parties

discussed the legal and factual issues several times via conference calls and in written communications, and exchanged workplace and statistical analysis information, in an extended confidential settlement process. Class Counsel analyzed the factual and statistical information and continued to discuss the legal and factual issues in this case. The Parties also participated in a confidential, full day mediation settlement before a qualified mediator expert in labor and employment disputes, and engaged in separate *ex parte* discussions with the mediator regarding the issues in Wage Action.

14.     This case involves numerous complex issues of law and regulation, including application of state and federal employment standards currently at issue in appellate litigation and regulatory action. This fact, the ordinary risk and hazards inherent in ongoing litigation, and the cost of continuing to prosecute and defend the Wage Action, have led the Parties to resolve the Wage Action by way of settlement.

15.     Class and Defendants' Counsel represent that they have conducted a thorough investigation into the facts of the Wage Action and diligently pursued an investigation of Settlement Class members' claims against Defendants. Based on their own independent investigation and evaluation, Class and Defendants'' Counsel are of the opinion that the settlement is fair, reasonable, and adequate and is in the best interests of the Settlement Class in light of al known facts and circumstances, including the risk of significant delay, litigation risks, Defendants' finances, and the defenses asserted by Defendants.

## JURISDICTION AND VENUE

16.     Defendants do not challenge this Court's exercise of personal jurisdiction over them in the Wage Action. This Court has jurisdiction over the subject matter of the Wage Action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b) and 28 U.S.C. § 1367. Venue is proper in that a substantial part of the events at issue arose in this judicial district. This Court will have continuing jurisdiction over the terms and conditions of this Agreement, until all payments and obligations contemplated herein have been fully executed. Except as set forth herein, the Court will further have continuing jurisdiction to resolve any dispute that may arise with regard to the terms and conditions of this Agreement.

## CERTIFICATION OF FLSA COLLECTIVE ACTION AND A STATE LAW CLASS

17.     For purposes of settling the Wage Action, the Parties stipulate and agree that the requisites for establishing class and collective action certification with respect to the Settlement Class have been met and are met, and therefore, stipulate to class and collective action certification for settlement purposes only. More specifically, the Parties stipulate and agree that:

a.     The Settlement Class is "similarly situated" to Plaintiff in that they have been employed under policies and/or practices similar to those applied to Plaintiffs;

b.     The Settlement Class is so numerous as to make it impracticable to join all members;

c.    There is an ascertainable class;

d.    There are common questions of law and fact including, but not necessarily limited to, the following:

(i)    Whether Defendants employed Plaintiffs and the Class within the meaning of New York State and federal law;

(ii)    Whether Defendants maintained accurate records reflecting the time worked by the Settlement Class Members;

(iii)    Whether the policies, programs, procedures, protocols of the Defendants violated the Settlement Class' right to collect overtime for all hours worked over forty hours per workweek;

(iv)    Whether Defendants paid the Settlement Class the "spread of hours" premium;

(v)    Whether Defendants or their agents retained portions of the Settlement Class's tips; and

(vi)    Whether Defendants improperly deducted certain expenses from the Settlement Class Members' wages.

e.    Plaintiffs' claims are typical of the claims of the members of the Settlement Class;

f.    Class Counsel should be deemed class counsel and will fairly and adequately protect the interests of the Settlement Class;

g.    The prosecution of separate actions by individual members of the Settlement Class would create the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct;

h.    Questions of law and fact common to the members of the Settlement Class predominate over questions affecting individual members in the Settlement Class; and

i.    A class action is superior to other available means for the fair and efficient adjudication of the controversy.

18.    The Parties agree to promptly submit to the Court a motion and a proposed order seeking preliminary approval of settlement and, for purposes of settlement, certifying an FLSA collective action and a Rule 23 class action. The Parties agree the proposed order will include:

a.  Findings that for purposes of settlement only, the FLSA group is similarly situated;

b.  Certification of an FLSA collective action for settlement purposes only;

c.  Findings that the State Settlement Class meets the requirements for class certification under Federal Rule of Civil Procedure 23 for settlement purposes;

d.  Approval of Class Notice, and Consent to Join forms to be sent to the Settlement Class;

e.  A deadline of 20 days after the Order is preliminarily approved by which time the Class Notice, and Consent to Join forms will be sent to the Settlement Class Members by mail to the addresses as they are maintained by the Defendants;

f.  A deadline of 45 days after mailing of Class Notice and Consent to Join forms for opting out of, or excluding oneself from, the state claim class action under Federal Rule of Civil Procedure 23;

g.  A deadline of 45 days after mailing of Class Notice for objecting to the settlement;

h.  A deadline within 45 days of mailing of Class Notice and Consent to Join forms for opting in to the FLSA collective action, and filing Consent to Join form in this action;

i.  Appointment of Plaintiffs as class representatives for the FLSA action and the state subclass; and,

j.  Appointment of Class Counsel as counsel for the FLSA collective action and for the state subclass.

19.  The Parties agree that Rule 23 class certification and FLSA collective action certification under the terms of this Agreement are for settlement purposes only. Nothing in this Agreement will be construed as an admission or acknowledgment of any kind of liability or that any class should be certified or given collective treatment in the ligation of this matter or in any other action or proceeding. In the event this Agreement is not approved by the Court, fails to become effective, or is reversed, withdrawn or modified by the Court:

a.  This Agreement shall have no force or effect;

b.  This Agreement shall not be admissible in any judicial, administrative or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural;

- 6 -

c.      None of the Parties to this Agreement will be deemed to have waived any claims, objections, defenses or arguments with respect to the issue of class or collective action certification or maintenance of the Wage Action as a collective or class action.

## TERMS OF SETTLEMENT

20.     Plaintiffs and Settlement Class members agree to release Defendants and each of their present and former affiliates, parent companies, subsidiaries, shareholders, officers, partners, directors, employees, agents, attorneys, insurers, predecessors, successors and assigns and each and all of their respective officers, partners, directors, servants, agents, shareholders, employees, representatives, accountants, insurers, and attorneys, past, present, and future, and all persons acting under, by, through, or in concert with any of them (collectively, the "Releasees") from any and all claims, damages, causes of action, demands, and losses, contingent or non-contingent, known or unknown, suspected or unsuspected, described in Paragraph 9, subject to the terms and conditions set forth in this Agreement and the approval of the Court.

21.     It is the intention of the Parties that this Agreement shall constitute a full and complete settlement and release of the claims set forth in Paragraph 9, which release shall include in its effect Defendants and all Releasees.

22.     <u>Dismissal</u>. The Parties agree to cooperate and take all steps necessary and appropriate to dismiss the Wage Action with prejudice.

23.     <u>Maximum Payment</u>. The maximum payment under this Agreement, including but not limited to all payments to the Settlement Class, the Class Representative enhancement award, all attorneys' fees and costs, and any other settlement sums or costs, except the cost of notice to the Settlement Class, the cost of administration of any Settlement Class claims, and the amount of Defendants' liability for any payroll taxes due as a result of wage payments made to the Settlement Class, shall be One Million Four Hundred and Eighty-Five Thousand Dollars ($1,485,000.00) in the aggregate ("Settlement Fund"). Under no circumstances will Defendants be required to pay more than $1,485,000.00 total, for any reason under this Agreement.

24.     Defendants shall make all payments due under this agreement thirty (30) days following the Effective Date. The Effective Date, earlier described at Paragraph 7, shall be fifteen (15) days following the date of final approval if no objections are filed to the settlement. If objections are filed and overruled, and no appeal is taken of the final approval order, then the Effective Date of final approval shall be Fifteen (15) days after the Court enters final approval. If an appeal is taken from the Court's overruling of objections to the settlement, then the Effective Date of final approval shall be Fifteen (15) days after the appeal is withdrawn or after an appellate decision affirming the final approval decision becomes final.

25.     This settlement provides for a claims process requiring Defendants to set aside $1,485,000.00 as set forth in Paragraph 23 that shall be referred to as a Gross Fund Value ("GFV"), which shall represent the maximum possible payments that Defendants shall make toward the settlement of this action and this GFV shall be used to cover all payments of class claims, attorney's fees and costs, and the Class Representatives enhancement awards.

26.    The Net Fund Value ("NFV") will constitute the total sum from which the Settlement Class will be paid after Court-approved attorneys' fees and costs, and the Class Representative enhancement award described herein are subtracted from the GFV. The NFV shall be $952,500.00.

27.    In consideration of the mutual covenants, promises, and warranties set forth herein, the Parties agree, subject to the Court's approval, as follows:

    a.    <u>Payments to Settlement Class Members</u>: In consideration for settlement and a release of all claims identified in Paragraph 45 by the Settlement Class, Defendants agree to pay to each member of the Settlement Class who was employed by Defendants within the applicable Claim Periods (see Paragraph 5) a pro-rata share of the NFV. The pro rata share of the NFV shall be calculated as follows:

        (i)    Settlement Class Members shall receive one point for every hour worked as a server, ¾ point for every hour worked as a busser or runner, and ½ point for every hour worked as a barback or bartender. Further, each Settlement Class Members who submits a valid blue Consent to Join the FLSA claim form within forty-five (45) days after Class Counsel mails the Settlement Class Members the forms will have their points during the FLSA Claim Period increased by five percent (5%); and

        (ii)    Each Settlement Class Member shall receive a pro rata share of the NFV equal to the Settlement Class Member's Total Points divided by the aggregate Total Points of all Settlement Class members who file qualified claims, multiplied by the NFV.

    b.    <u>Attorneys' Fees and Costs</u>: Class Counsel will apply to the Court for attorneys' fees and costs to be paid from the GFV. Defendants will not oppose or comment on that application. Pursuant to its agreement with Plaintiffs, Class Counsel shall be entitled to one-third (1/3) of the GFV, which in this instance equals $495,000.00. Defendants shall make the payment provided for in the Court's Approval Order for attorneys' fees and costs, provided that such payment shall be in an amount no greater than that provided for by in this Paragraph. This payment shall be reported to the Internal Revenue Service via a Form 1099 as non-employee income to Class Counsel. Defendants have received a fully executed IRS Form W-9 from Class Counsel to whom the payment shall be made. Class Counsel has provided Defendants with their taxpayer identification numbers. Defendants shall have no liability to any of Class Counsel with respect to payment of attorneys' fees and costs pursuant to the directions received from Class Counsel. Payment will be made to Joseph & Herzfeld LLP.

    c.    <u>Class Representative Enhancement Awards</u>: Class Counsel will apply to the Court for additional compensation of $7,500 each to be paid to class members

Anna Shin, David Webster Andrew Bergh, Isaac Connor and Levon Semoniantz from the GFV. Defendants will not oppose or comment on this application.

d.  <u>Tax Treatment of Claim Share Portion of Settlement Payments</u>:  Plaintiffs and Settlement Class Members shall be solely responsible for the reporting and payment of any federal, state and/or local income or employment taxes (including penalties and interest) on the payments described above. Plaintiffs and Settlement Class Members also acknowledge they should be responsible for all tax liability (including penalties and interest), if any, incurred by them as a result of any payment made by them to Class Counsel and/or any other law firm, consultant, expert, accountant, professional adviser or agent. Defendants make no representations as to the taxability of any portions of the settlement payments, and it is understood and agreed that Defendants have made no such representations.  Plaintiffs and Settlement Class Members agree to indemnify and hold harmless Defendants in the event of any dispute concerning whether taxes are owed on any part of the Agreement. Defendants shall report the payments made pursuant to the Agreement to the Internal Revenue Service (and other relevant government agencies) as wage income in the year of payment on a Form W-2 or similar form issued to each respective Representative Plaintiffs and Settlement Class Members in accordance with the W-4 currently on file. In the event Representative Plaintiffs or a Settlement Class Member is not currently employed by Defendants, he or she will be given an opportunity to provide Defendants with a new W-4, and acknowledges that his or her failure to provide Defendants with a new W-4 shall result in Defendants withholding as if the Representative Plaintiffs or Settlement Member elected zero exemptions.  With regard to both current and former employees who are Settlement Members, Defendants will not, unless otherwise required by law or this Agreement, make any other deductions, withholdings or additional payments, including without limitation, medical or other insurance payments or premiums, or wage garnishments.

e.  <u>Tax Treatment of Class Representative Enhancement Award</u>: Representative Plaintiffs will receive an IRS Form 1099 for their individual enhancement awards, and will be responsible for correctly characterizing this additional compensation for tax purposes and for payment of any taxes owing on said amounts.  In the event of an audit of Defendants by any state or federal government agency, or if any tax authority should dispute the characterization of this compensation, Defendants reserve all rights to indemnification permitted by law.

f.  Other than the amount of Defendants' liability for any payroll taxes due as a result of wage payments from the Settlement Fund, Defendants shall not be liable to pay additional money or contribute any additional funds for taxes that result from the settlement payments under this Agreement. All Parties represent that they have not received, and shall not rely on, advice or representations from other

Parties or their agents regarding the tax treatment of payments under federal, state, or local law.

## NOTICE TO THE SETTLEMENT CLASS ("NOTICE PROVISION")

28.    Within ten (10) days of the entering of an order granting preliminary approval of the settlement and Class Notice (defined below), Defendants will provide to the Class Counsel all of the following information about each Settlement Class member: (1) name, (2) last known home address, and (3) Social Security number.

29.    Within twenty (20) days after the Court enters an order granting preliminary approval of the settlement and the Class Notice (defined below), and subject to the approval of the Court, the Class Counsel will mail a Notice of Proposed Settlement of Class Action Lawsuit, Certification of the FLSA Action,    Certification    of    the    State    Law    Overtime    Classes,    and Settlement Hearing ("Class Notice") in the form attached hereto as Exhibit "A" to each Settlement Class member, by first class mail.  Attached to the Notice will be a blue Consent to Join form. The Class Notice will inform the Settlement Class of the right to object to the settlement, and the procedure by which to object or opt-out.  Class Counsel will include with the Notice a blank IRS Form W-4.  Class Counsel will bear the costs of providing such notice.

30.    In mailing the Class Notice, Class Counsel will utilize the forwarding address provided on any returned envelopes to contact missing Settlement Class members by re-mailing the envelope to the forwarding address provided.  In addition, and only in the event a returned envelope provides no forwarding address, Class Counsel will run a check of the Class Members' addresses against those on file with the United States Postal Service's National Change of Address List; this check will be performed only once per Class Member.  These measures shall constitute reasonable efforts to locate Class Members, and Class Counsel shall take no further steps to locate Class Members beyond those outlined herein.  Class Counsel shall bear the costs of locating Class Members.

31.    At least seven (7) days prior to the final approval and fairness hearing, Class Counsel shall provide the Court with a declaration by of due diligence and proof of mailing of the Class Notice.

32.    Exclusion or Opt-Out.  Settlement Class members may opt out of, or exclude themselves from, the Settlement Class under Federal Rule Civil Procedure 23 by mailing to the Class Counsel a written statement expressing their desire to be excluded from the class.  The statement must include their name (and former name), current address, telephone number, social security number, and the dates of employment with Defendants.  Any such written exclusion must be post-marked not more than forty five (45) calendar days after the date Class Notice is mailed to the Settlement Class.  Written exclusions that do not include all required information, or that are not submitted on a timely basis, will be deemed null, void, and ineffective.  Persons who are eligible to and do submit valid and timely exclusion statements will not participate in the settlement, nor will they be bound by the terms of the proposed settlement, if it is approved, or the final judgment in this Wage Action.  Any Settlement Class Member who fails to exclude him/herself from the settlement pursuant to this Paragraph will become a Plaintiff and designates Representative Plaintiffs as their representative to make decisions on their behalf concerning their state wage claims.   Any Settlement Class member who fails to exclude him/herself from the

settlement will be deemed a participant whose rights and claims are determined by the terms of this Agreement, including the release provisions of Paragraph 41, as approved or modified by the Court, even if he or she does not opt in to the FLSA class. Settlement Class Members shall be permitted to rescind their exclusion statements in writing by submitting a rescission statement to Class Counsel and Defendants' Counsel not later than one (1) business day prior to the Court's final approval hearing or as otherwise ordered by the Court.

33.    Opt-In.    Pursuant to 29 U.S.C. § 216(b), Settlement Class members employed during the FLSA Claim Period  may join the Wage Action alleging violations of the Fair Labor Standards Act ("FLSA") by mailing to the Class Counsel a signed Consent to Join Form. The Consent to Join Form must be post-marked not more than Forty-Five (45) calendar days after the date Class Notice is mailed to the Settlement Class. Settlement Class members who submit valid and timely Consent to Join Forms will become Plaintiffs.

34.    Resolution of Claim Disputes.    A "Qualified Claimant" is an individual in the Settlement Class who does not opt-out of the Settlement Class pursuant to Paragraph 41, supra. If a Qualified Claimant disputes Defendants' records as to the dates he or she worked as a Settlement Class member, or the applicable points, the Class Counsel will examine Defendants' timekeeping records in an attempt to resolve the dispute.  In making this decision, the time entered into Defendants' timekeeping system is dispositive as to time worked by a Settlement Class member; no claimant may increase the size of his or her claim by arguing the time he or she worked is greater than that recorded by Defendants' timekeeping system.  In any event, the Class Counsel must resolve any such disputes prior to final approval of this settlement. The Class Counsel's determination is final and binding without a right of appeal.  No dispute will be timely if postmarked more than Fifteen (15) calendar days after the date the individual settlement check was mailed to the Settlement Class member.

35.    Right to Rescission.    Notwithstanding any other provision of this Agreement, Defendants shall retain the right, in the exercise of their sole discretion, to nullify the settlement by giving notice, in writing, to Class Counsel and the Court at any time prior to the final approval hearing, if fifty (50) or more Settlement Class members exclude themselves or opt-out of the settlement.  The number of Settlement Class members opting-in to the FLSA collective action is not determinative.  In the event of such a rescission, no party may use the fact that the Parties agreed to settle this case as evidence of Defendants' liability in this lawsuit or the lack thereof.

36.    Objections. Settlement Class members who wish to object to this settlement must do so in writing or appear in person at the final approval and fairness hearing.  Those who wish to object in writing must state the basis of the objection and mail the objection to Class Counsel and Defendants' Counsel postmarked on or before forty-five (45) calendar days after the date Class Notice and Claims Forms are mailed to the Settlement Class.  Settlement Class members shall be permitted to withdraw their objections in writing by submitting a withdrawal statement to Class Counsel and Defendants' Counsel not later than one (1) business day prior to the Court's final approval hearing, or otherwise ordered by the Court.

## CLAIM PROCESS

37.    Settlement Class members will be permitted no more than Forty Five (45) calendar days from the date the Notices are mailed by the Class Counsel to postmark properly completed IRS Form W-9s or Defendants will withhold at the maximum rate.

38.    Within Seven (7) calendar days of receipt by the Class Counsel of each timely-submitted Consent to Join Form, the Class Counsel will send a deficiency notice to a Settlement Class member if there is any irregularity in the completed Consent to Join Form. The deficiency notice will provide the Class Members no more than Fifteen (15) calendar days from the mailing of the deficiency notice to postmark the response to any deficiencies in writing. The failure of a Class Member to execute a Consent to Join Form under penalty of perjury or timely submit a response to any deficiency notice shall invalidate a claim and will not be considered a deficiency subject to cure.

39.    All original Consent to Join Forms must be sent directly to Class Counsel at the address indicated on the Consent to Join Form. From the time at which the Class Notices are mailed through the date that is forty-five (45) days after the Class Notices are mailed, Class Counsel will provide biweekly summary reports to Defendants' Counsel identifying the names of those Settlement Class Members who have submitted Consent to Join Forms, and who have submitted opt-out forms. In addition, Class Counsel will supply Defendants' counsel with an updated address list for the Settlement Class Members, reflecting any updates discovered over the course of administering notice to the Settlement Class and receipt of any challenges and written objection and exclusion statements. On or before fourteen (14) calendar days following the issuance of the Court's Order Granting Preliminary Approval of the Settlement, Defendants' Counsel shall provide Class Counsel with a report listing the number of hours worked and classification for each Putative Settlement Class member.

40.    Settlement Class members will have ninety (90) calendar days after mailing by the Defendants' Counsel to cash their settlement payments. If Settlement Class members do not cash their settlement payment checks within the 90 day period, their settlement checks will be void and a stop-pay will be placed. In such event, Defendants will wait another two hundred and seventy five (275) days for the Settlement Class Member to request a replacement check. If the Settlement Class Member does not request a replacement check by that time, then the money will revert to Defendants and the Settlement Class Member will forfeit his or her right to receive any payment from the Settlement Fund.

## RELEASE BY THE CLASS

41.    Upon the final approval by the Court of this Agreement, and except as to such rights or claims as may be created by this Agreement, the Class Representative and all other members of the Settlement Class fully release and discharge Defendants and any and all of their parents, subsidiaries and affiliated entities and their respective officers, directors, shareholders, employees, agents, attorneys, insurers, successors and assigns from any and all individual or class and collective action claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, liquidated damages, interest, penalties, actions, or causes of action of whatever kind or nature, whether known or unknown, contingent or non-contingent, that were alleged or could have been alleged in the Wage Action on or before the end of the relevant Class Period, including but not limited to all claims related to unpaid wages, unpaid

overtime, missed meal and rest periods, unpaid travel time, unpaid waiting time and unrecorded time, failure to pay the spread of hours premium, wage records and record keeping, waiting time penalties, unfair competition, fraud, concealment, interest and other civil penalties, under the Fair Labor Standards Act and all other federal wage and hour laws and regulations, state and local wage and hour laws, regulations, orders and common law in New York resulting from wages owed them from their employment in any hourly position with Defendants, at any time during the relevant Claims Periods. This release excludes any claims the Class Representative and the Settlement Class may have (a) for vested benefits pursuant to the terms of Defendants' employee benefit plans, in accordance with the terms of such plans and applicable law. This release will have res judicata, collateral estoppel, claim preclusive, and/or issue preclusive effect as to all claims made by or on behalf of any Settlement Class member who has not submitted a valid exclusion or opt-out letter, or that are made, attempted, threatened to be made, continue to be made, or that could have been made at any time.

42.    In order to achieve a full and complete release of Defendants of all claims arising from or related to this Wage Action, the Class Representatives and Settlement Class acknowledge that this Agreement is meant to include in its effect all claims that were or could have been asserted in the Wage Action on or before the end of the relevant Class Period, including claims that the Class Representative and Settlement Class members do not know or suspect to exist in his or her favor against Defendants.

43.    Upon preliminary approval of the settlement, the Settlement Class shall be enjoined from filing any actions, claims, complaints, or proceedings with the New York State Department of Labor (NY DOL), United States Department of Labor (US DOL), or from initiating similar wage and hour proceedings in other states, regarding the claims released in any preceding paragraph.    This settlement is conditioned upon the release by all Settlement Class members of any and all claims under the federal Fair Labor Standards Act (29 U.S.C. §§ 201 et seq.)("FLSA"), the New York Minimum Wage Act (N.Y. Lab. L. § 650 et seq.), New York Spread of Hours Provisions (N.Y. Lab. L. § 650 et seq. and N.Y. Comp. Code R. & Regs. Tit. 12, § 137-1.7), New York Timely Payment of Wages Provisions (N.Y. Lab. L. §§ 190 et seq.), and Illegal Pay Deductions and Deductions from Gratuities Provisions (N.Y. Lab. L. §§ 193, 196-d and 198-b), and upon covenants by all Settlement Class members that they will not participate in any actions, lawsuits, proceedings, complaints, or charges brought by the NY DOL or other state wage and hour administrative body in any court or before the US DOL or before any administrative body for penalties.

## DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

44.    The Parties shall promptly submit this Agreement to the Court in support of a request for preliminary approval and determination as to its fairness, adequacy, and reasonableness. Promptly upon execution of this Agreement, the Parties shall apply to the Court for the entry of a preliminary order substantially in the following form:

    a.    Scheduling a preliminary fairness hearing on the question of whether the proposed settlement, including payment of attorneys' fees and costs, and the Class Representative's enhancement award, should be finally approved as fair, reasonable and adequate as to the members of the Settlement Class;

    b.    Certifying a settlement class for all claims;

    c.       Preliminarily and conditionally certifying the Settlement Class for purposes of settlement;

    d.       Approving as to form and content the proposed Class Notice, and Consent to Join;

    e.       Directing the mailing of the Class Notice, Consent to Join, and blank W-9 Form by first class mail to the Class Members; and,

    f.       Preliminarily approving the settlement subject only to the objections of Settlement Class members and final review by the Court.

### DUTIES OF THE PARTIES RELATING TO FINAL APPROVAL

45.    One or before the date that is Seven (7) days before the final approval hearing, Class Counsel shall move the Court for final approval of the settlement provided for in this Agreement, together with a proposed final order agreed to by the Parties:

    a.       Approving the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

    b.       Approving Class Counsel's application for an award of attorneys' fees and reimbursement of costs;

    c.       Approving the enhancement award in accordance with this Agreement;

    d.       Dismissing this action on the merits and with prejudice and permanently barring all members of the Settlement Class from prosecuting against Defendants and the Releasees, any individual or class claims that were or could have been asserted in the Wage Action, including without limitation any claims arising out of the acts, facts, transactions, occurrences, representations, or omissions set forth in the complaint in this action; and, through the date of the final approval of this Settlement upon satisfaction of all payments and obligations hereunder.

### PARTIES' AUTHORITY

46.    The signatories represent they are fully authorized to enter into this Agreement and bind the Parties to the terms and conditions hereof.

### MUTUAL FULL COOPERATION

47.    The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Agreement. The Parties shall use their best efforts, including all efforts contemplated by this Agreement and any other

efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement and the terms set forth herein. As soon as practicable after execution of this Agreement, Class Counsel shall, with the assistance and cooperation of Defendants and their counsel, take all necessary steps to secure the Court's final approval of this Agreement.

## NO PRIOR ASSIGNMENTS

48.    The Parties represent, covenant, and warrant they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights released and discharged herein.

## NO ADMISSION AND NO PUBLICITY

49.    Nothing contained herein, nor the consummation of this Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants. Each party has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. This Agreement is a settlement document and shall, pursuant to Federal Rule of Evidence 408 and any other federal or state law or regulation, be inadmissible in evidence in any proceeding. The preceding sentence shall not apply to an action or proceeding to approve, interpret, or enforce this Agreement.

50.    Plaintiffs, Class Counsel, Defendants, and Defendants' Counsel agree that they will not issue or cause to be issued any press release or communication, and will not otherwise communicate to any media or media representative, including but not limited to the electronic or digital media, information regarding the Wage Action, the claims asserted therein, the settlement of the Wage Action and/or this Agreement or the amount of money paid to resolve the Wage Action. If contacted by the press or other forms of media, the Parties and their counsel will state that the matter has been resolved to the satisfaction of all Parties, who believe that the settlement reflects a reasonable resolution that will avoid needless expense and the inconvenience of further litigation. Notwithstanding the terms of this paragraph, Defendants shall be free to make whatever disclosures it deems necessary and appropriate to its officers, attorneys, financial advisors, managers, or employees, provided those disclosures are truthful.

## CAPTIONS AND INTERPRETATIONS

51.    Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any provision hereof. Each term of this Agreement is contractual and not merely a recital.

52.    The Parties agree the terms and conditions of this Agreement are the result of lengthy, intensive arms-length negotiations between the, and this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her or its counsel participated in the drafting of this Agreement.

## MODIFICATION

53.    This Agreement may not be changed, altered, or modified, except in writing and signed by the Parties, and approved by the Court.  This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## INTEGRATION CLAUSE

54.    This Agreement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein.  No rights hereunder may be waived except in writing.

## BINDING ON ASSIGNS

55.    This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## CLASS COUNSEL SIGNATORIES

56.    It is agreed that because the large number of Settlement Class members, it is impossible or impractical to have each Settlement Class member execute this Agreement.  The Notice, Exhibit "A" hereto, will advise all Settlement Class members of the binding nature of the release and such shall have the same force and effect as if this Agreement were executed by each member of the Settlement Class.

## NOTICES

57.    Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the Third (3) business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

| |
|---|
| To Class Counsel: |
| JOSEPH & HERZFELD LLP |
| D. Maimon Kirschenbaum (DK-2338) |
| Charles E. Joseph (CJ-9442) |
| 757 Third Avenue, 25th Floor |
| New York, New York 10017 |
| Telephone:  (212) 688-5640 |
| Facsimile:  (212) 688-2548 |
| To Defense Counsel: |
| JACKSON LEWIS LLP |
| Felice B. Ekelman (FE 5692) |
| 59 Maiden Lane |
| New York, NY 10038 |
| Telephone: (212) 545 4000 |
| Facsimile: (212) 972-3213 |

## CHOICE OF LAW

58.    All questions with respect to the construction of this Agreement and the rights and liabilities of the Parties shall be governed by New York State law.

## INCORPORATION OF EXHIBITS

59.    All exhibits attached hereto are incorporated by reference as if fully set forth herein.

## VOLUNTARY AND KNOWING AGREEMENT

60.    Each of the Parties covenants that he, she or it has not entered into this Agreement as a result of any representation, agreement, inducement, or coercion, except to the extent specifically provided herein. Each of the Parties further covenants that the consideration recited herein is the only consideration for entering into this Agreement and that no promises or representations of another or further consideration has been made by any person.

## COUNTERPARTS

61.    This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

Dated:  New York, New York
        September 4, 2008

AGREED TO ON BEHALF OF
DEFENDANTS SMITHFIELD ASSOCIATES,
LLC; WINDY GATES, SOHO, INC; AND KEITH
MCNALLY

JACKSON LEWIS LLP

By:  Felice B. Ekelman (FB 5692 )
59 Maiden Lane, 39th Floor
New York, New York  10038-4502
(212) 545-4000

AGREED TO ON BEHALF OF THE
PLAINTIFFS, THE CLASS MEMBERS, AND

CLASS COUNSEL

JOSEPH & HERZFELD LLP

_____

D. Maimon Kirschenbaum (DK-2338)
Charles E. Joseph (CJ-9442)
757 Third Avenue, 25th Floor
New York, New York 10017
Telephone:  (212) 688-5640

I:\Clients\S\82037\119251\Settlement Agreement FINAL.doc

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DAVID WEBSTER, ANNA SHIN, and ANDREW BERGH, on behalf of themselves and all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | Index No.:  08 CV 0166 (LTS) |
| -against- | ) ) | |
| SMITHFIELD ASSOCIATES LLC d/b/a PASTIS RESAURANT, WINDY GATES, SOHO, INC. d/b/a BALTHAZAR RESTAURANT, and KEITH MCNALLY, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| ------------------------------------------------------------------ | )) | |

## [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE

**WHEREAS**, an action entitled DAVID WEBSTER, ANNA SHIN, and ANDREW BERGH on behalf of themselves and all others similarly situated v. SMITHFIELD ASSOCIATES LLC d/b/a PASTIS RESAURANT, WINDY GATES, SOHO, INC. d/b/a BALTHAZAR RESTAURANT, and KEITH MCNALLY, Civil Action No. 08-cv-0166-LTS (the "Wage Action") is currently pending before this court;

**WHEREAS**, Plaintiffs have made application, pursuant to Rule 23 (e), Fed. R. Civ. P., for an order approving the settlement of the claims alleged in the Lawsuit, in accordance with a Joint Stipulation of Settlement and Release ("Agreement") dated September 3, 2008 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Wage Action against

Defendants and for dismissal of the Wage Action against Defendants with prejudice upon

the terms and conditions set forth therein, and the Court has read and considered the

Agreement and the exhibits thereto; and,

**WHEREAS**, all terms contained and not otherwise defined herein shall have the

same meanings set forth in the Agreement.

**IT IS ON THIS _____ DAY OF _____, 2008 HEREBY ORDERED**

**AS FOLLOWS:**

1.    The Court hereby preliminarily approves the settlement set forth in the

Agreement as being fair, just, reasonable and in the best interests of the Settlement Class

as described in the Agreement (hereinafter the "Class").

2.    The Court hereby preliminarily certifies the Class and finds that for purposes of

the proposed settlement, the FLSA group is similarly situated, subject to the entry of the

Final Order and Judgment as provided in the Agreement.  For the purposes of settlement

the Court further finds that and that the State Settlement Class meets the requirements for

class certification under Federal Rule of Civil Procedure 23, subject to the entry of the

Final Order and Judgment as provided in the Agreement.

3.    The Court hereby preliminarily certifies Class Counsel, and David Webster,

Anna Shin, and Andrew Bergh as Class Representatives as described in the Agreement,

subject to the entry of the Final Order and Judgment as provided in the Agreement.

4.    The Settlement Hearing Shall be held before this Court, on

_____, 2008 (at least 70 days after the entry of this Order) at the United

States District Court, Southern District of New York, U.S. Courthouse, 500 Pearl Street,

at _____, New York, NY 10007, to determine whether the proposed settlement of the

Wage Action on the terms and conditions provided for in the Agreement is fair, just,

reasonable, adequate and in the best interests of the Class, and should be approved by the Court; whether an Order and Final Judgment of Dismissal, as provided in the Agreement, should be entered; and to determine the amount of attorneys' fees, costs and expenses that should be awarded Class Counsel.

5.     The Court approves, as to form and content, the Settlement Notice and finds that the mailing and distribution of the Settlement Notice substantially in the manner and form set forth in the Agreement constitutes the best notice practicable under the circumstances, and constitutes valid, due and sufficient notice to all persons in the Class, complying fully with the requirement of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States and any other applicable laws.

6.     Within twenty (20) days after this Order is preliminarily approved, Class Counsel shall send the Class Notice and Consent to Join Forms to the Settlement Class members by mail to the Settlement Class members' addresses as they are maintained by the Defendants.

7.     Settlement Class members shall have a deadline of 45 days after the mailing of Class Notice and Claims Forms for opting out of, or excluding oneself from, the state claim class action under Federal Rule of Civil Procedure 23.

8.     Settlement Class members shall have a deadline of 45 days after the mailing of the Class Notice  and Claims Forms for objecting to the terms of the settlement Agreement.

9.     Settlement Class members shall have a deadline of 45 days after the mailing of the Class Notice  and Claims Forms for opting in to the FLSA collective action, and filing a Consent to Join  Form in this action.

10.    The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. Notice of any adjournment can be obtained from Class Counsel: D. Maimon Kirschenbaum, Esq., 757 Third Avenue, Suite 2500, New York, NY 10017 (phone: 212-688-5640). The Court may approve the settlement, with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Class.


_____

United States District Judge


Dated: _____, 2008

EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DAVID WEBSTER, ANNA SHIN, and ANDREW BERGH, on behalf of themselves and all others similarly situated, | ) ) ) | Index No.:  08 CV 0166 (LTS) |
| Plaintiffs, | ) ) ) | **NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT, CERTIFICATION OF FLSA COLLECTIVE ACTION, CERTIFICATION OF STATE LAW CLASSES, AND SETTLEMENT HEARING** |
| -against- | ) ) ) | |
| SMITHFIELD ASSOCIATES LLC d/b/a PASTIS RESAURANT, WINDY GATES, SOHO, INC. d/b/a BALTHAZAR RESTAURANT, and KEITH MCNALLY, | ) ) ) ) | |
| Defendants. | ) ) | |
| ------------------------------------------------------------------ | ) | |

TO:  **ALL EMPLOYEES WHO HAVE WORKED OR CONTINUE TO WORK FOR SMITHFIELD ASSOCIATES, LLC D/B/A PASTIS RESTAURANT, AND/OR WINDY GATES, SOHO, INC. D/B/A BALTHAZAR RESTAURANT**

### PLEASE READ THIS NOTICE CAREFULLY

If you are or were an employee of the Smithfield Associates, LLC, Windy Gates Soho, LLC or Keith McNally ("Defendants") during the period January 8, 2002 and _____, 2008, please read this Notice carefully.  It contains important information about your rights concerning the class action settlement described below.

This Notice explains the nature of the lawsuit and the terms of the settlement, and informs you of your legal rights and obligations.  This Notice should not be understood as an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by the parties.

If you have any question regarding this notice, questions concerning how to complete the attached forms, or questions concerning the calculation of any share of the settlement fund to which you may be entitled, contact Class Counsel, D. Maimon Kirschenbaum, Joseph & Herzfeld, LLP, 757 Third Avenue, New York, NY 10017; (212) 688-5640; fax (212) 688-2548.

### IMPORTANT DEADLINES:

- Last Day To Submit a Blue Consent To Join Form: [45 days after preliminary approval of the Settlement] (postmarked, or received if sent other than by mail)
- Last Day To "Opt Out" Of The Settlement Class: [45 days after preliminary approval of

the Settlement]

- Last Day To Object To The Settlement: [45 days after preliminary approval of the Settlement]

## INTRODUCTION

A class action was brought against Defendants by former employees of Defendants David Webster, Anna Shin and Andrew Bergh which raises claims for unpaid wages, overtime compensation, and other penalties. The parties to the lawsuit reached a settlement in July 2008 which resulted from extensive and vigorously contested negotiations on the part of Class Counsel and Defendants' counsel, all of whom have substantial experience in litigating class actions involving similar claims. This Lawsuit has been vigorously contested from its inception, the parties have engaged in discovery and mediation with a neutral third party mediator, and only after several informal and formal negotiating sessions, meetings and conferences among counsel for the parties, were the parties able to resolve all the issues and agree upon the settlement, which has been granted preliminary approval by the United States District Court for the Southern District of New York. This Notice informs you about your rights and options under the settlement.

If finally approved, the proposed settlement will resolve all claims alleged in this lawsuit, including but not limited to the claims, for failure to properly pay wages under state and federal law, for illegal retention of tips and for any other alleged illegal act or omission alleged in this lawsuit. A hearing will be held on _____at __:00 ___ before the Honorable Laura Taylor Swain, United States District Judge of the United States District Court for the Southern District of New York (Judge Swain), in Courtroom  __, of the United States District Courthouse, 500 Pearl Street, New York, New York 10007, to address whether a proposed settlement of claims against Defendants is fair and reasonable and should be approved.

If you worked for Defendants at any time from January 8, 2005 through_____, 2008 (FLSA Claim Period), you should sign, date and return the attached Blue Consent to Join Form by _____. By submitting the Blue Consent to Join Form, you will be eligible to receive a higher compensation amount from the Settlement Fund (see the "How Will My Share Be Calculated" section, below). If you were employed outside the FLSA Claim Period, you are not eligible to submit a Blue Consent to Joint Form.

**If you do not choose to Opt-Out of the Settlement Class, you will be bound by the terms of this Settlement.**

## WHAT IS A CLASS ACTION?

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. One or more representative asserting claims on behalf plaintiffs, also known as "class representatives," file a lawsuit of the entire class.

## WHAT IS THE PURPOSE OF THIS NOTICE?

Judge Swain has ordered that this Notice be sent to you because you may be a Class Member. The purpose of this Notice is to inform you:

- Of your potential right to money under the Settlement;

- That the Settlement Class has been certified and that if you do not "opt-out" of the Settlement Classes you will be bound by the terms of the Settlement Agreement and release your right to sue Defendants for unpaid wages, overtime compensation, and penalties during the time you were a Class Member;

- Of your right to "opt-out" of the Settlement Class, and not be bound by the Court's judgment in this matter and the terms of the Settlement Agreement;

- Of your right to file objections to the Settlement.

## WHAT IS THIS CASE ABOUT?

On or about January 8, 2008, David Webster, Anna Shin and Andrew Bergh, three former employees of Defendants, filed this class/collective action lawsuit against Defendants in the United States District Court for the Southern District of New York, Civil Action No. 08 CV 00166 (LTS). The lawsuit alleges Defendants violated federal and state labor laws governing the payment of minimum and/or overtime wages to tipped employees and employers retention of employees' tips. Such laws include the federal Fair Labor Standards Act, 29 U.S.C. § 201, et. seq., New York Labor Law §§ 191, 193, 196-d, 198-b, 650, et seq, 652, and 663 and relevant sections of N.Y. Comp. Codes R. & Regs.  Specifically, the Complaint contends that Defendants: (1) failed to pay its employees minimum wage, (2) failed to pay new York State's spread of hours premium, (3) made improper deductions from employee wages pursuant to § 193, and, (4) illegally retained portions of its employees' tips and were therefore, unable to claim entitlement to any federal or state tip credit. The lawsuit defined the proposed class consists of: "all non exempt persons employed by Defendants at any New York location in any tipped position, such [sic] server, runner, and/or busser on or after the date that is six years before the filing of the Complaint in this case."

## WHAT ARE THE TERMS OF THE SETTLEMENT AGREEMENT?

The parties have agreed to settle this matter for the sum of one million four hundred eighty-five thousand dollars ($1,485,000) (including attorneys' fees and expenses, and enhancement fees for four plaintiffs who played an integral goal in this lawsuit).

### Monetary Payment

If the Settlement is given final approval by the Court, the maximum amount that Defendants will have to pay is one million four hundred eighty-five thousand dollars ($1,485,000.00).  If the Court also approves the payments set forth below, the following expenses will be deducted from the one million four hundred eighty-five thousand dollars prior to distribution of the settlement

funds to the Class Members:

- Payment to the Named Class Representatives: If the Court approves such payments, $7,500 shall be paid to class members Anna Shin, David Webster Andrew Bergh, Isaac Connor and Levon Semoniantz.  These payment are made because these Plaintiffs' provided many hours of service to the class by helping class counsel to formulate claims and by providing documents to support the case.

- Attorneys Fees: Class Counsel will apply to the Court for attorneys' fees in the amount of 33.33% of the total class recovery, which amounts to $495,000.00. This amount will be requested given the hundreds of hours class counsel spent in pursuing this case on behalf of the Class Members, given the risks that Class Counsel took that no fees would be recovered, and given the result achieved for the Class Members.

If the Court approves these payments, after these deductions, the remaining $952,500.00 in settlement funds will be distributed according to the method set forth in the "How Will My Share Be Calculated" section, below.

### Dismissal of Case and Release of Claims

In exchange for the payment set forth above, this action will be dismissed with prejudice, and the Class Members will fully release and discharge Defendants from any claims for unpaid wages, failure to pay minimum wage, illegal retention of employees' tips, unpaid overtime, unpaid travel time, unpaid waiting and unrecorded time, spread of hours violations and failure to maintain and furnish employees with proper wage records, and all other claims that were or could have been asserted in this lawsuit under the FLSA, or state wage and hours laws, up to and including the date of final court approval of the settlement which is projected to occur on or about             , 2008**.  It is very important that you understand the terms of the Release. If you have any questions concerning the release of your claims against Defendants, you may wish to contact Class Counsel regarding the scope of the Release.**  When the claims for unpaid wages, failure to pay minimum wage, illegal retention of employees' tips, unpaid overtime, unpaid travel time, unpaid waiting and unrecorded time, and failure to maintain and furnish employees with proper wage records are dismissed with prejudice, that means the Court will not consider claims any further; in other words, the case is over.  When claims are released, that means no one covered by the release can sue Defendants over those claims.

### <u>ARE YOU A CLASS MEMBER FOR PURPOSES OF THE SETTLEMENT?</u>

You may be a Class Member if you meet all of the following criteria:

1.     You are or were employed by any Defendant as a server, busser, runner, bartender or bar-back employee during either of the following periods:

- Under applicable state laws, from January 8, 2002 through _____(the "State Law Period").

- Under the FLSA, from _____, 2005 to _____, 2008 (the "FLSA Claim Period").

4

## WHAT ARE YOUR OPTIONS?

You have several options. Make sure you read this section carefully and submit the proper forms before the deadlines listed in this section.

### 1. Participate in the Settlement:

If you are a class member and do not opt-out of this Settlement, you will recover most of your share of the Settlement funds.

If you worked for Defendants during the period of ____, 2005 to _____, 2008 you can submit a Blue Consent and join the action alleging FLSA violations. Submitting a Blue Consent entitles you to your **full** share of the Settlement Funds. If you choose to file a Blue Consent to Join Form, be sure to make a copy of the signed form for your Records. The Blue Consent to Sue Form should be forwarded to:

> Class Counsel:
>
> D. Maimon Kirschenbaum,
> Joseph & Herzfeld, LLP,
> 757 Third Avenue,
> New York, NY 10017;
> tel (212) 688-5640; fax (212) 688-2548

### 2. Opt-Out of the Settlement Class:

If you do not want to participate in the settlement, or you want the right to pursue your own lawsuit, you must opt out of the Settlement by_____, 2008. If you do not Opt Out, you will be bound by the terms of this Settlement. To Opt Out you must send a letter which states clearly your intent to opt-out, postmarked no later than_____, 2008. You must include your Name, Social Security Number, and the period for which you worked for Defendants in a Class Position. If you choose to opt-out, send your letter to:

> Class Counsel:
>
> D. Maimon Kirschenbaum
> Joseph & Herzfeld, LLP
> 757 Third Avenue
> New York, NY 10017
> Tel (212) 688-5640; fax (212) 688-2548

### 3. Objecting to the Settlement:

If you wish to comment on, or object to, the proposed Settlement, the proposed Plan of

Allocation, or the application for attorneys' fees and costs, you may do so. Written comments or objections must be postmarked by_____, 2008, and sent to both addresses below:

_____

| Class Counsel: |
| :---: |
| D. Maimon Kirschenbaum |
| Joseph & Herzfeld, LLP |
| 757 Third Avenue |
| New York, NY 10017 |
| Tel (212) 688-5640; fax (212) 688-2548 |
| Defense Counsel: |
| Felice B. Ekelman |
| Jackson Lewis LLP |
| 59 Maiden Lane |
| New York, NY 10038 |
| Tel (212) 545-4000; fax (212) 972-3213 |

You are not required to submit a comment or objection.

## HOW WILL MY SHARE BE CALCULATED IF I PARTICIPATE?

Each Class Member will receive a share of the $1,485,000.00 in Settlement Funds that remain after the deductions of the plaintiff enhancement payments, and attorneys' fees and costs listed above. Your share will depend on the number of hours you worked within the applicable class period, the job position(s) you worked in, and whether you submit a Blue Consent. Eligible Class Members who submit a valid Blue Consent to Join form will maximize their potential recovery. If you do not want to participate in the Settlement because of the factors that will be applied to your claim, you may choose to opt out of the Settlement Class and pursue an individual legal action against Defendants.

### 1. Distribution Allocation and Examples of Recovery

To calculate your share, the Class Counsel will determine the number of weeks you worked within the State Law Period, as well as during the FLSA Claim Period. If the position you held was server the number of hours you worked as a server will be multiplied by 1; if your position was busser or runner the number of hours you worked in these positions will be multiplied by ¾; and if your position was bartender or barback, the number of hours you worked in these positions will be multiplied by 1/2.

In addition, employees who worked within the FLSA Claim Period may increase their points by submitting a Blue Notice of Consent Form. Employees who submit a valid Blue Notice of Consent Form will have their base points increased by 5% to calculate their Total Points. If you do not submit a Blue Notice of Consent Form (or are not eligible to do so), your Base Points will equal your Total Points.

If you remain in the Class, you will receive your pro-rata share of the $952,500.00 based on the

percentage of your Total Points to all of the points for all of the Class Members combined. For example, if your Total Points equaled .1 % of all the points for all of the Class Members combined, you would receive $952.50. If your total points equaled ½ of 1 percent of all the Class Members Total Points combined, you would receive $4,762.50

In general, the longer you worked for the Defendants, and the more hours you worked, the more money you will receive. However, these are just examples to illustrate how the calculation formula might be used to distribute the Settlement Fund. The amount you will recover will change according to the number of Class Members who participate in the Settlement.

### 2. Uncashed Checks

You will have ninety (90) calendar days after mailing by the Defendants' Counsel to cash your settlement check. If you do not cash your settlement check within the 90 day period, your settlement check will be void and a stop-payment will be placed. If this happens, Defendants will wait another two hundred and seventy five (275) days for you to request a replacement check.

### EXAMINATION OF PLEADINGS AND PAPERS / ADDITIONAL INFORMATION

This Notice does not contain all of the terms of the proposed Settlement or all of the details of these proceedings. For more detailed information, you are advised to refer to the underlying documents and papers on file with the Court. This file may be inspected during the hours of each Court business day at the Office of the Clerk of the Court, United States District Courthouse, 500 Pearl Street, New York, New York 10007. The Clerk will make all files relating to this lawsuit available to you for inspection and copying at your own expense. The complete settlement agreement is available for inspection by contacting Class Counsel.

Again, the important deadlines are:

**Last Day to Submit a Blue Consent To Join Form:        , 2008 (postmarked, or received if sent other than by mail)**

**Last Day To "Opt Out" Of The Settlement Class:        , 2008**

**Last Day To Object To The Settlement:    , 2008**

7

## CONSENT TO JOIN FORM (BLUE)

Webster, Shin, et al. v. Smithfield Associates, et al.
D. Maimon Kirschenbaum
c/o Joseph & Herzfeld, LLP
757 Third Avenue
New York, New York 10017
(212) 688-5640
Fax (212) 688-2548

## TO BEST PROTECT YOUR RIGHTS, RETURN THIS CONSENT TO JOIN FORM

## THE CONSENT TO JOIN FORM MUST BE POSTMARKED NO LATER THAN

Name/Address Changes, if any

Name: _____    _____

Address: _____    _____

City, State, Zip Code: _____    _____

(____) _____    (____) _____
Area Code   Home Telephone Number        Area Code   Home Telephone Number

1. I,_____(print your name), want to join the lawsuit entitled **Webster, et al. v. Smithfield Associates, et al.**, alleging that Defendants have violated the Fair Labor Standards Act (FLSA) and applicable state labor law. I understand that by joining this lawsuit I will become a plaintiff. By joining this lawsuit, I designate the plaintiff named in the complaint as my representative, to the fullest extent possible under applicable laws, to make decisions on my behalf concerning my FLSA claim, the method and manner of conducting and resolving the litigation, and all other matters pertaining to the lawsuit.

2. I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by Class Counsel Joseph & Herzfeld, LLP.

3. I hereby agree to be bound by the class action and collective action settlement approved by my attorneys, and approved by this Court, as fair, adequate, and reasonable, including the applicable releases stated therein.

Dated: _____    _____
                                              Signature

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| DAVID WEBSTER, ANNA SHIN, and ANDREW BERGH, on behalf of themselves and all others similarly situated, | ) ) ) | Index No.:  08 CV 0166 (LTS) |
| | ) | |
| Plaintiffs, | ) | **NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT,** |
| | ) | |
| -against- | ) | **CERTIFICATION OF FLSA COLLECTIVE ACTION,** |
| | ) | |
| SMITHFIELD ASSOCIATES LLC d/b/a PASTIS RESAURANT, WINDY GATES, SOHO, INC. d/b/a BALTHAZAR RESTAURANT, and KEITH MCNALLY, | ) ) ) ) | **CERTIFICATION OF STATE LAW CLASSES, AND SETTLEMENT HEARING** |
| | ) | |
| Defendants. | ) ) | |
| ------------------------------------------------------------------ | ) | |

TO:    **ALL EMPLOYEES WHO HAVE WORKED OR CONTINUE TO WORK FOR SMITHFIELD ASSOCIATES, LLC D/B/A PASTIS RESTAURANT, AND/OR WINDY GATES, SOHO, INC. D/B/A BALTHAZAR RESTAURANT**

**PLEASE READ THIS NOTICE CAREFULLY**

If you are or were an employee of the Smithfield Associates, LLC, Windy Gates Soho, LLC or Keith McNally ("Defendants") during the period January 8, 2002 and _____, 2008, please read this Notice carefully.  It contains important information about your rights concerning the class action settlement described below.

This Notice explains the nature of the lawsuit and the terms of the settlement, and informs you of your legal rights and obligations.  This Notice should not be understood as an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by the parties.

If you have any question regarding this notice, questions concerning how to complete the attached forms, or questions concerning the calculation of any share of the settlement fund to which you may be entitled, contact Class Counsel, D. Maimon Kirschenbaum, Joseph & Herzfeld, LLP, 757 Third Avenue, New York, NY 10017; (212) 688-5640; fax (212) 688-2548.

**IMPORTANT DEADLINES:**

- Last Day To Submit a Blue Consent To Join Form: [45 days after preliminary approval of the Settlement] (postmarked, or received if sent other than by mail)
- Last Day To "Opt Out" Of The Settlement Class: [45 days after preliminary approval of

1

the Settlement]

- Last Day To Object To The Settlement: [45 days after preliminary approval of the Settlement]

## INTRODUCTION

A class action was brought against Defendants by former employees of Defendants David Webster, Anna Shin and Andrew Bergh which raises claims for unpaid wages, overtime compensation, and other penalties.  The parties to the lawsuit reached a settlement in July 2008 which resulted from extensive and vigorously contested negotiations on the part of Class Counsel and Defendants' counsel, all of whom have substantial experience in litigating class actions involving similar claims.  This Lawsuit has been vigorously contested from its inception, the parties have engaged in discovery and mediation with a neutral third party mediator, and only after several informal and formal negotiating sessions, meetings and conferences among counsel for the parties, were the parties able to resolve all the issues and agree upon the settlement, which has been granted preliminary approval by the United States District Court for the Southern District of New York.  This Notice informs you about your rights and options under the settlement.

If finally approved, the proposed settlement will resolve all claims alleged in this lawsuit, including but not limited to the claims, for failure to properly pay wages under state and federal law, for illegal retention of tips and for any other alleged illegal act or omission alleged in this lawsuit.  A hearing will be held on _____ at __:00 ___ before the Honorable Laura Taylor Swain, United States District Judge of the United States District Court for the Southern District of New York (Judge Swain), in Courtroom  __, of the United States District Courthouse, 500 Pearl Street, New York, New York 10007, to address whether a proposed settlement of claims against Defendants is fair and reasonable and should be approved.

If you worked for Defendants at any time from January 8, 2005 through_____, 2008 (FLSA Claim Period), you should sign, date and return the attached Blue Consent to Join Form by _____. By submitting the Blue Consent to Join Form, you will be eligible to receive a higher compensation amount from the Settlement Fund (see the "How Will My Share Be Calculated" section, below). If you were employed outside the FLSA Claim Period, you are not eligible to submit a Blue Consent to Joint Form.

**If you do not choose to Opt-Out of the Settlement Class, you will be bound by the terms of this Settlement.**

## WHAT IS A CLASS ACTION?

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. One or more representative asserting claims on behalf plaintiffs, also known as "class representatives," file a lawsuit of the entire class.

## WHAT IS THE PURPOSE OF THIS NOTICE?

Judge Swain has ordered that this Notice be sent to you because you may be a Class Member. The purpose of this Notice is to inform you:

- Of your potential right to money under the Settlement;

- That the Settlement Class has been certified and that if you do not "opt-out" of the Settlement Classes you will be bound by the terms of the Settlement Agreement and release your right to sue Defendants for unpaid wages, overtime compensation, and penalties during the time you were a Class Member;

- Of your right to "opt-out" of the Settlement Class, and not be bound by the Court's judgment in this matter and the terms of the Settlement Agreement;

- Of your right to file objections to the Settlement.

## WHAT IS THIS CASE ABOUT?

On or about January 8, 2008, David Webster, Anna Shin and Andrew Bergh, three former employees of Defendants, filed this class/collective action lawsuit against Defendants in the United States District Court for the Southern District of New York, Civil Action No. 08 CV 00166 (LTS). The lawsuit alleges Defendants violated federal and state labor laws governing the payment of minimum and/or overtime wages to tipped employees and employers retention of employees' tips. Such laws include the federal Fair Labor Standards Act, 29 U.S.C. § 201, et. seq., New York Labor Law §§ 191, 193, 196-d, 198-b, 650, et seq, 652, and 663 and relevant sections of N.Y. Comp. Codes R. & Regs.  Specifically, the Complaint contends that Defendants: (1) failed to pay its employees minimum wage, (2) failed to pay new York State's spread of hours premium, (3) made improper deductions from employee wages pursuant to § 193, and, (4) illegally retained portions of its employees' tips and were therefore, unable to claim entitlement to any federal or state tip credit. The lawsuit defined the proposed class consists of: "all non exempt persons employed by Defendants at any New York location in any tipped position, such [sic] server, runner, and/or busser on or after the date that is six years before the filing of the Complaint in this case."

## WHAT ARE THE TERMS OF THE SETTLEMENT AGREEMENT?

The parties have agreed to settle this matter for the sum of one million four hundred eighty-five thousand dollars ($1,485,000) (including attorneys' fees and expenses, and enhancement fees for four plaintiffs who played an integral goal in this lawsuit).

### Monetary Payment

If the Settlement is given final approval by the Court, the maximum amount that Defendants will have to pay is one million four hundred eighty-five thousand dollars ($1,485,000.00).  If the Court also approves the payments set forth below, the following expenses will be deducted from the one million four hundred eighty-five thousand dollars prior to distribution of the settlement

funds to the Class Members:

- Payment to the Named Class Representatives: If the Court approves such payments, $7,500 shall be paid to class members Anna Shin, David Webster Andrew Bergh, Isaac Connor and Levon Semoniantz.  These payment are made because these Plaintiffs' provided many hours of service to the class by helping class counsel to formulate claims and by providing documents to support the case.

- Attorneys Fees: Class Counsel will apply to the Court for attorneys' fees in the amount of 33.33% of the total class recovery, which amounts to $495,000.00. This amount will be requested given the hundreds of hours class counsel spent in pursuing this case on behalf of the Class Members, given the risks that Class Counsel took that no fees would be recovered, and given the result achieved for the Class Members.

If the Court approves these payments, after these deductions, the remaining $952,500.00 in settlement funds will be distributed according to the method set forth in the "How Will My Share Be Calculated" section, below.

**Dismissal of Case and Release of Claims**

In exchange for the payment set forth above, this action will be dismissed with prejudice, and the Class Members will fully release and discharge Defendants from any claims for unpaid wages, failure to pay minimum wage, illegal retention of employees' tips, unpaid overtime, unpaid travel time, unpaid waiting and unrecorded time, spread of hours violations and failure to maintain and furnish employees with proper wage records, and all other claims that were or could have been asserted in this lawsuit under the FLSA, or state wage and hours laws, up to and including the date of final court approval of the settlement which is projected to occur on or about _____, 2008**.  It is very important that you understand the terms of the Release. If you have any questions concerning the release of your claims against Defendants, you may wish to contact Class Counsel regarding the scope of the Release.**  When the claims for unpaid wages, failure to pay minimum wage, illegal retention of employees' tips, unpaid overtime, unpaid travel time, unpaid waiting and unrecorded time, and failure to maintain and furnish employees with proper wage records are dismissed with prejudice, that means the Court will not consider claims any further; in other words, the case is over.  When claims are released, that means no one covered by the release can sue Defendants over those claims.

**<u>ARE YOU A CLASS MEMBER FOR PURPOSES OF THE SETTLEMENT?</u>**

You may be a Class Member if you meet all of the following criteria:

1. You are or were employed by any Defendant as a server, busser, runner, bartender or bar-back employee during either of the following periods:

- Under applicable state laws, from January 8, 2002 through _____(the "State Law Period").

- Under the FLSA, from _____, 2005 to _____, 2008 (the "FLSA Claim Period").

## WHAT ARE YOUR OPTIONS?

You have several options. Make sure you read this section carefully and submit the proper forms before the deadlines listed in this section.

### 1.  Participate in the Settlement:

If you are a class member and do not opt-out of this Settlement, you will recover most of your share of the Settlement funds.

If you worked for Defendants during the period of       ___, 2005 to _____, 2008 you can submit a Blue Consent and join the action alleging FLSA violations.  Submitting a Blue Consent entitles you to your **full** share of the Settlement Funds.  If you choose to file a Blue Consent to Join Form, be sure to make a copy of the signed form for your Records.  The Blue Consent to Sue Form should be forwarded to:

| Class Counsel: |
|:---:|
| D. Maimon Kirschenbaum, |
| Joseph & Herzfeld, LLP, |
| 757 Third Avenue, |
| New York, NY 10017; |
| tel (212) 688-5640; fax (212) 688-2548 |

### 2.  Opt-Out of the Settlement Class:

If you do not want to participate in the settlement, or you want the right to pursue your own lawsuit, you must opt out of the Settlement by_____, 2008. If you do not Opt Out, you will be bound by the terms of this Settlement. To Opt Out you must send a letter which states clearly your intent to opt-out, postmarked no later than_____, 2008. You must include your Name, Social Security Number, and the period for which you worked for Defendants in a Class Position. If you choose to opt-out, send your letter to:

| Class Counsel: |
|:---:|
| D. Maimon Kirschenbaum |
| Joseph & Herzfeld, LLP |
| 757 Third Avenue |
| New York, NY 10017 |
| Tel (212) 688-5640; fax (212) 688-2548 |

### 3.  Objecting to the Settlement:

If you wish to comment on, or object to, the proposed Settlement, the proposed Plan of

Allocation, or the application for attorneys' fees and costs, you may do so. Written comments or objections must be postmarked by_____, 2008, and sent to both addresses below:

_____

| Class Counsel: |
|:---:|
| D. Maimon Kirschenbaum<br>Joseph & Herzfeld, LLP<br>757 Third Avenue<br>New York, NY 10017<br>Tel (212) 688-5640; fax (212) 688-2548 |
| Defense Counsel: |
| Felice B. Ekelman<br>Jackson Lewis LLP<br>59 Maiden Lane<br>New York, NY 10038<br>Tel (212) 545-4000; fax (212) 972-3213 |

You are not required to submit a comment or objection.

## HOW WILL MY SHARE BE CALCULATED IF I PARTICIPATE?

Each Class Member will receive a share of the $1,485,000.00 in Settlement Funds that remain after the deductions of the plaintiff enhancement payments, and attorneys' fees and costs listed above. Your share will depend on the number of hours you worked within the applicable class period, the job position(s) you worked in, and whether you submit a Blue Consent. Eligible Class Members who submit a valid Blue Consent to Join form will maximize their potential recovery. If you do not want to participate in the Settlement because of the factors that will be applied to your claim, you may choose to opt out of the Settlement Class and pursue an individual legal action against Defendants.

### 1.   Distribution Allocation and Examples of Recovery

To calculate your share, the Class Counsel will determine the number of weeks you worked within the State Law Period, as well as during the FLSA Claim Period. If the position you held was server the number of hours you worked as a server will be multiplied by 1; if your position was busser or runner the number of hours you worked in these positions will be multiplied by ¾; and if your position was bartender or barback, the number of hours you worked in these positions will be multiplied by 1/2.

In addition, employees who worked within the FLSA Claim Period may increase their points by submitting a Blue Notice of Consent Form. Employees who submit a valid Blue Notice of Consent Form will have their base points increased by 5% to calculate their Total Points. If you do not submit a Blue Notice of Consent Form (or are not eligible to do so), your Base Points will equal your Total Points.

If you remain in the Class, you will receive your pro-rata share of the $952,500.00 based on the

percentage of your Total Points to all of the points for all of the Class Members combined. For example, if your Total Points equaled .1 % of all the points for all of the Class Members combined, you would receive $952.50. If your total points equaled ½ of 1 percent of all the Class Members Total Points combined, you would receive $4,762.50

In general, the longer you worked for the Defendants, and the more hours you worked, the more money you will receive. However, these are just examples to illustrate how the calculation formula might be used to distribute the Settlement Fund. The amount you will recover will change according to the number of Class Members who participate in the Settlement.

 2.  **Uncashed Checks**

You will have ninety (90) calendar days after mailing by the Defendants' Counsel to cash your settlement check. If you do not cash your settlement check within the 90 day period, your settlement check will be void and a stop-payment will be placed. If this happens, Defendants will wait another two hundred and seventy five (275) days for you to request a replacement check.

<u>**EXAMINATION OF PLEADINGS AND PAPERS / ADDITIONAL INFORMATION**</u>

This Notice does not contain all of the terms of the proposed Settlement or all of the details of these proceedings. For more detailed information, you are advised to refer to the underlying documents and papers on file with the Court. This file may be inspected during the hours of each Court business day at the Office of the Clerk of the Court, United States District Courthouse, 500 Pearl Street, New York, New York 10007. The Clerk will make all files relating to this lawsuit available to you for inspection and copying at your own expense. The complete settlement agreement is available for inspection by contacting Class Counsel.

Again, the important deadlines are:

**Last Day to Submit a Blue Consent To Join Form:        , 2008 (postmarked, or received if sent other than by mail)**

**Last Day To "Opt Out" Of The Settlement Class:        , 2008**

**Last Day To Object To The Settlement:    , 2008**

## CONSENT TO JOIN FORM (BLUE)

Webster, Shin, et al. v. Smithfield Associates, et al.
D. Maimon Kirschenbaum
c/o Joseph & Herzfeld, LLP
757 Third Avenue
New York, New York 10017
(212) 688-5640
Fax (212) 688-2548

## TO BEST PROTECT YOUR RIGHTS, RETURN THIS CONSENT TO JOIN FORM

## THE CONSENT TO JOIN FORM MUST BE POSTMARKED NO LATER THAN

Name/Address Changes, if any

Name: _____          _____

Address: _____          _____

City, State, Zip Code: _____          _____

(____) _____          (____) _____
Area Code   Home Telephone Number          Area Code   Home Telephone Number

1. I,_____(print your name), want to join the lawsuit entitled **Webster, et al. v. Smithfield Associates, et al.**, alleging that Defendants have violated the Fair Labor Standards Act (FLSA) and applicable state labor law. I understand that by joining this lawsuit I will become a plaintiff. By joining this lawsuit, I designate the plaintiff named in the complaint as my representative, to the fullest extent possible under applicable laws, to make decisions on my behalf concerning my FLSA claim, the method and manner of conducting and resolving the litigation, and all other matters pertaining to the lawsuit.

2. I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by Class Counsel Joseph & Herzfeld, LLP.

3. I hereby agree to be bound by the class action and collective action settlement approved by my attorneys, and approved by this Court, as fair, adequate, and reasonable, including the applicable releases stated therein.

Dated: _____          _____
Signature

8

D. Maimon Kirschenbaum (DK 2448)
Charles E. Joseph (CJ-9442)
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiffs and the FLSA
Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

**DAVID WEBSTER, ANNA SHIN, and**
**ANDREW BERGH, on behalf of themselves**       **INDEX NO: 08cv0166 (LTS)**
**and all others similarly situated,**

**Plaintiffs,**                                 **FIRST AMENDED COMPLAINT**

**v.**

**SMITHFIELD ASSOCIATES LLC d/b/a**             **FLSA COLLECTIVE ACTION AND**
**PASTIS RESTAURANT, WINDY GATES,**             **RULE 23 CLASS ACTION**
**SOHO, INC. d/b/a BALTHAZAR**
**RESTAURANT, and KEITH MCNALLY,**              **DEMAND FOR JURY TRIAL**

**Defendants.**
-----------------------------------------------------------x

    1.    Plaintiffs, on behalf of themselves and all others similarly situated, allege

as follows:

## JURISDICTION AND VENUE

    2.    This Court has original federal question jurisdiction under 28 U.S.C. §

1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201,

*et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law

claims, as they are so related in this action within such original jurisdiction that they form

part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4.      All Defendants are hereinafter collectively referred to as "Defendants."

5.      Defendant Smithfield Associates LLC d/b/a Pastis Restaurant is a New York limited liability company. Defendant Smithfield Associates LLC owned and managed Pastis Restaurant in downtown Manhattan within the statute of limitations period.

6.      Defendant Windy Gates, Soho, Inc. d/b/a Balthazar Restaurant is a New York corporation. Defendant Windy Gates, Soho, Inc. owned and managed Balthazar Restaurant in downtown Manhattan within the statute of limitations period.

7.      Defendant Keith McNally is the Chief Executive Officer of the Corporate Defendants and exercises sufficient control of their day to day operations to be considered Plaintiff's employer under the Fair Labor Standards Act and New York state law. Additionally, upon information and belief, Defendant McNally is liable for the wages of Plaintiff and those similarly situated under New York Business Corporation Law § 630.

8.      Upon information and belief, all Defendants operate under common ownership, share employees, are managed by the same individuals and subject their employees to the same policies and procedures, in particular policies and procedures relating to the violations alleged in this Complaint.

2

9.     Plaintiff David Webster was employed by Defendants as a server at Balthazar Restaurant within the last three years.

10.    Plaintiff Anna Shin was employed by Defendants as a server at Pastis Restaurant and Balthazar Restaurant within the last three years.

11.    Plaintiff Andrew Bergh was employed by Defendants as a server at Pastis Restaurant within the last three years.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12.    Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non exempt persons employed by Defendants at any New York location in any tipped position, such server, runner, and/or busser on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13.    At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and one and one half times this rate for work in excess of forty (40) hours per workweek, and allowing non-tipped employees to share in their tips. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14.    The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C.

3

216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

### RULE 23 CLASS ALLEGATIONS – NEW YORK

15.    Plaintiffs bring the Third, Fourth, Fifth, Sixth, and Seventh Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non exempt persons employed by Defendants at any New York location in any tipped position, such as a server, runner, and/or busboy on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16.    All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

17.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than one hundred (100) members of the Class.

18.    Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and overtime compensation, and illegal retention of tips. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19.    Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the

5

wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21.     Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

22.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

  a) Whether Defendants employed or jointly employed Plaintiffs and the Class within the meaning of the New York law.

  b) Whether Defendants paid Plaintiffs and the Class members the

minimum wage for all hours worked.

c)    What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members at all.

d)    At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work.

e)    Whether Defendants compensated the Class the premium required under New York law when class members "spread of hours" in a workday exceeded ten hours.

f)    Whether Defendants illegally retained portions of Plaintiffs' tips and the Class members' tips.

g)    Whether Defendants properly compensated Plaintiffs' and Class members for overtime.

h)    Whether Plaintiffs were forced to share their tips with parties who are not entitled to their tips.

## **FACTS**

23.    Plaintiffs' consent to sue forms are attached hereto as Exhibit A.

24.    Defendants committed the following alleged acts knowingly, intentionally and willfully.

25.    Defendants knew that nonpayment of minimum wage, nonpayment of overtime, and improperly forcing and/or the Plaintiffs, the FLSA Collective Plaintiffs,

and members of the Class to share their tips with Defendants' agents would economically injure Plaintiffs and violated federal and state laws.

26.    When a customer walked out of Pastis Restaurant or Balthazar Restaurant without paying his or her bill, Defendants deducted an amount equal to the customer's bill from the pay of that customer's server or required the server to repay the amount. Plaintiffs were subject to this practice.

27.    Defendants also deducted money from a server's pay if the server's cash submitted at the end of a shift was short.  Plaintiffs were subject to this practice.

28.    Defendants deducted five dollars per shift from Plaintiffs' pay in order to cover the salary of the napkin folder employed by Defendants.

29.    Until December 31, 2004, the minimum wage under New York state law was $5.15 per hour.  From January 1, 2005 until December 31, 2005 the minimum wage under state law was $6.00 per hour.   In 2006 the minimum wage was $6.75 per hour, and the state minimum wage is currently $7.15 per hour.

30.    The federal minimum wage was $5.15 per hour until July 2007, when it changed to $5.85 per hour.

31.    Defendants unlawfully paid the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class an hourly rate below the federal and state minimum wage.

32.    Defendants were not entitled to reduce the minimum wage by applying the tip credit allowance that is available cases under 29 U.S.C 203 (m) and 12 N.Y.C.R.R. § 137-1.5 because Defendants required the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class to share their tips with non-tipped and/or managerial employees, *e.g.,* captains, stock polishers, and napkin folders in violation of 29 U.S.C. § 203(m).

8

33.     Defendants illegally retained substantial portions of Plaintiffs' nightly tips by including non-tipped and/or managerial employees in the restaurant's tip pool.

34.     Plaintiffs often worked in excess of forty hours per workweek.

35.     Plaintiffs were not compensated one and one half times New York State and federal minimum wage for hours that they worked in excess of forty per workweek.

36.     Defendants committed the foregoing acts against the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class.

37.     Plaintiffs were not paid New York's "spread of hours" premium on days that they worked in excess of 10 hours.

**FIRST CLAIM FOR RELIEF**
**(FLSA Claims, 29 U.S.C. §§ 201, *et seq.*,**
**Brought by Plaintiffs on Behalf of**
**Themselves and the FLSA Collective Plaintiffs)**

38.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

39.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

40.     Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs the federal minimum wage for each hour worked.

41.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.***
**Brought by Plaintiffs on Behalf of Themselves**
**and the FLSA Collective Plaintiffs)**

42.     Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

43.     Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

44.     At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members at one and one half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

45.     At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the FLSA Collective Plaintiffs at the required overtime rates, one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

46.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated

(double) damages as provided by the FLSA for overtime violations, attorneys' fees and

costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Act, New York Labor Law §§ 650 *et seq.*
Brought by Plaintiffs on Behalf of Themselves and the Class)**

47.    Plaintiffs, on behalf of themselves and members of the Class, reallege and

incorporate by reference all preceding paragraphs as if they were set forth again herein.

48.    Defendants knowingly paid the Plaintiffs and members of the Class less

than the New York State Minimum Wage § 652 and supporting regulations of the New

York State Department of Labor.

49.    Defendants' failure to pay Plaintiffs and members the Class the minimum

wage was willful within the meaning of N.Y. Lab. Law § 663.

50.    As a result of Defendants' willful and unlawful conduct, Plaintiffs and

members the Class are entitled to an award of damages in amount to be determined at

trial and attorneys' fees, as provided by N.Y. Lab. Law § 663.

51.    Plaintiffs do not seek liquidated damages for this claim.

### FOURTH CLAIM FOR RELIEF
**(New York  Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,
Brought by Plaintiffs on Behalf of
Themselves and the Class)**

52.    Plaintiffs, on behalf of themselves and the Class members, reallege and

incorporate by reference all previous paragraphs.

53.    It is unlawful under New York law for an employer to suffer or permit a

non-exempt employee to work without paying overtime wages for all hours worked in

excess of forty (40) hours in any workweek.

11

54. Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Class at the required overtime rates, one and a half times the minimum wages for hours worked in excess of forty (40) hours per workweek.

55. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

56. Plaintiffs do not seek liquidated damages for this claim.

## FIFTH CLAIM FOR RELIEF
**(Illegal Pay Deductions and Deductions from Gratuities,
N.Y. Lab. L. § § 196-d and 198-b
Brought by Plaintiffs on Behalf of
Themselves and the Class)**

57. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

58. Defendants retained portions of Plaintiffs' tips and Class members' tips and distributed them to non-tipped and/or managerial employees.

59. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class members are entitled to an award of damages in an amount to be determined at trial and attorneys' fees.

60. Plaintiffs do not seek liquidated damages for this claim.

**SIXTH CLAIM FOR RELIEF**
**(Illegal Pay Deductions,**
**N.Y. Lab. L. § 193**
**Brought by Plaintiffs on Behalf of**
**Themselves and the Class)**

61.    Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

62.    Defendants made illegal deductions from Plaintiffs' and Class members' pay for walk-outs and cash shortages.

63.    As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class members are entitled to an award of damages in an amount to be determined at trial and attorneys' fees.

64.    Plaintiffs do not seek liquidated damages for this claim.

**SEVENTH CLAIM FOR RELIEF**
**(New York Spread of Hours Provisions,**
**N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, § 137-1.7**
**Brought by Plaintiffs on Behalf of**
**Themselves and the Class)**

65.    Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

66.    Plaintiffs and the Class members regularly worked more than 10 hours in a workday.

67.    Defendants willfully failed and intentionally failed to compensate Plaintiffs and/or Class members one hour's pay at the basic New York minimum hourly wage rate, as required by New York law.

68.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the Class members have sustained damages, including loss of

earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

69.    Plaintiffs do not seek liquidated damages for this claim.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

A.    Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.    Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C.    Designation of this action as a class action pursuant to F.R.C.P. 23.

D.    Designation of Plaintiffs as Representatives of the Class.

E.    An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F.    Penalties available under applicable laws;

G.    Costs of action incurred herein, including expert fees;

H.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I.      Pre-Judgment and post-judgment interest, as provided by law; and

J.      Such other and further legal and equitable relief as this Court deems

necessary, just and proper.

Dated:  New York, New York            Respectfully submitted,
        January 10, 2008

                                      JOSEPH & HERZFELD LLP

                                      By:
                                      _____
                                      D. Maimon Kirschenbaum (DK-2338)

                                      Charles E. Joseph (CJ-9442)
                                      757 Third Avenue
                                      25th Floor
                                      New York, NY 10017
                                      Tel: (212) 688-5640
                                      Fax: (212) 688-2548

                                      *Attorney for Plaintiffs, proposed collective
                                      action members and proposed class*

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with

respect to which they have a right to jury trial.

# Exhibit A

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by SMITHFIELD ASSOCIATES LLC d/b/a PASTIS RESTAURANT, WINDY GATES, SOHO, INC., d/b/a BALTHAZAR RESTAURANT, and/or KEITH MCNALLY and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

DAVID WEBSTER

Full Legal Name (Print)

Signature

1. 8. 08

Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT


I am an employee currently or formerly employed by SMITHFIELD ASSOCIATES LLC d/b/a PASTIS RESTAURANT, WINDY GATES, SOHO, INC., d/b/a BALTHAZAR RESTAURANT, and/or KEITH MCNALLY and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.


_Anna Shin_
Full Legal Name (Print)


_signature_
Signature


_Jan. 08 '08_
Date

# CONSENT TO SUE UNDER
# FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by SMITHFIELD ASSOCIATES LLC d/b/a PASTIS RESTAURANT, WINDY GATES, SOHO, INC., d/b/a BALTHAZAR RESTAURANT, and/or KEITH MCNALLY and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

Andrew Borgia
Full Legal Name (Print)

_____
Signature

11/8/08
Date

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DAVID WEBSTER, ANNA SHIN, and ANDREW BERGH, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Index No.: 08 CV 0166 (LTS) |
| -against- | ) ) | |
| SMITHFIELD ASSOCIATES LLC d/b/a PASTIS RESAURANT, WINDY GATES, SOHO, INC. d/b/a BALTHAZAR RESTAURANT, and KEITH MCNALLY, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| ------------------------------------------------------------------ | )) | |

## [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE

**WHEREAS**, an action entitled DAVID WEBSTER, ANNA SHIN, and ANDREW BERGH on behalf of themselves and all others similarly situated v. SMITHFIELD ASSOCIATES LLC d/b/a PASTIS RESAURANT, WINDY GATES, SOHO, INC. d/b/a BALTHAZAR RESTAURANT, and KEITH MCNALLY, Civil Action No. 08-cv-0166-LTS (the "Wage Action") is currently pending before this court;

**WHEREAS**, Plaintiffs have made application, pursuant to Rule 23 (e), Fed. R. Civ. P., for an order approving the settlement of the claims alleged in the Lawsuit, in accordance with a Joint Stipulation of Settlement and Release ("Agreement") dated September 3, 2008 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Wage Action against

Defendants and for dismissal of the Wage Action against Defendants with prejudice upon the terms and conditions set forth therein, and the Court has read and considered the Agreement and the exhibits thereto; and,

**WHEREAS**, all terms contained and not otherwise defined herein shall have the same meanings set forth in the Agreement.

**IT IS ON THIS \_\_\_\_ DAY OF _____, 2008 HEREBY ORDERED AS FOLLOWS:**

1.    The Court hereby preliminarily approves the settlement set forth in the Agreement as being fair, just, reasonable and in the best interests of the Settlement Class as described in the Agreement (hereinafter the "Class").

2.    The Court hereby preliminarily certifies the Class and finds that for purposes of the proposed settlement, the FLSA group is similarly situated, subject to the entry of the Final Order and Judgment as provided in the Agreement.  For the purposes of settlement the Court further finds that and that the State Settlement Class meets the requirements for class certification under Federal Rule of Civil Procedure 23, subject to the entry of the Final Order and Judgment as provided in the Agreement.

3.    The Court hereby preliminarily certifies Class Counsel, and David Webster, Anna Shin, and Andrew Bergh as Class Representatives as described in the Agreement, subject to the entry of the Final Order and Judgment as provided in the Agreement.

4.    The Settlement Hearing Shall be held before this Court, on _____, 2008 (at least 70 days after the entry of this Order) at the United States District Court, Southern District of New York, U.S. Courthouse, 500 Pearl Street, at _____, New York, NY 10007, to determine whether the proposed settlement of the Wage Action on the terms and conditions provided for in the Agreement is fair, just,

reasonable, adequate and in the best interests of the Class, and should be approved by the Court; whether an Order and Final Judgment of Dismissal, as provided in the Agreement, should be entered; and to determine the amount of attorneys' fees, costs and expenses that should be awarded Class Counsel.

5.    The Court approves, as to form and content, the Settlement Notice and finds that the mailing and distribution of the Settlement Notice substantially in the manner and form set forth in the Agreement constitutes the best notice practicable under the circumstances, and constitutes valid, due and sufficient notice to all persons in the Class, complying fully with the requirement of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States and any other applicable laws.

6.    Within twenty (20) days after this Order is preliminarily approved, Class Counsel shall send the Class Notice and Consent to Join Forms to the Settlement Class members by mail to the Settlement Class members' addresses as they are maintained by the Defendants.

7.    Settlement Class members shall have a deadline of 45 days after the mailing of Class Notice and Claims Forms for opting out of, or excluding oneself from, the state claim class action under Federal Rule of Civil Procedure 23.

8.    Settlement Class members shall have a deadline of 45 days after the mailing of the Class Notice  and Claims Forms for objecting to the terms of the settlement Agreement.

9.    Settlement Class members shall have a deadline of 45 days after the mailing of the Class Notice  and Claims Forms for opting in to the FLSA collective action, and filing a Consent to Join  Form in this action.

10.    The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. Notice of any adjournment can be obtained from Class Counsel: D. Maimon Kirschenbaum, Esq., 757 Third Avenue, Suite 2500, New York, NY 10017 (phone: 212-688-5640). The Court may approve the settlement, with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Class.

_____

United States District Judge

Dated: _____, 2008